ADELIA W. SNOOK v. IRA S. PEARSALL ET AL.

*Equity pleading—Multifariousness—Trusts and trustees—Accounting—Parties.*

1. An objection that a bill is multifarious should be raised by demurrer.[1]

2. In a suit by a trustee to reduce the trust fund to his possession, the beneficiaries need not be brought in; citing *Sill v. Ketchum*, Har. Ch. 423; *Morey v. Forsyth*, Walk. Ch. 465; *Adams v. Bradley*, 12 Mich. 346.

3. This rule is applied to a case where a father assigned certain mortgages to his daughter in her own right, and others to her in trust for her daughters, and by agreement retained the possession of all of the securities, with the right to collect the principal and interest, re-invest the principal, apply so much of the interest as was necessary to his own support, and pay over the balance to the daughter, which he did for a time, and then denied her ownership of the mortgages, and refused to give her any information regarding their condition, and she filed a bill for an accounting to determine which were trust mortgages, and for the appointment of a receiver of all of the property.

[1] See *Torrent v. Hamilton*, 95 Mich. 159.

Appeal from Macomb.   (Canfield, J.)   Argued April 20, 1893.   Decided May 31, 1893.

Bill for an accounting.   Defendants appeal.   Decree affirmed.   The facts are stated in the opinion.

*Crocker & Crocker*, for complainant.

*Eldredge & Spier*, for defendants Ira S. and Augusta V. Pearsall.

*Dwight N. Lowell*, for defendant Dwight E. Pearsall.

McGRATH, J.   Defendant Ira S. Pearsall, in 1871, made a distribution of practically all of his property.   He assigned certain notes and mortgages to the complainant, his daughter, in her own right, and certain other notes and mortgages to her in trust for her two daughters.   At the same time he deeded a farm valued at $10,000, and assigned certain other notes and mortgages, to the defendant Dwight E. Pearsall, his son.   It was agreed between the parties that the father should retain in his possession all of the notes and mortgages so assigned, collect both interest and principal, re-invest the principal, apply so much of the interest as was necessary to his own support, and pay over the balance to the respective parties.   The assignment to complainant in trust provided that—

" So much of the increase or proceeds of said mortgages as may be necessary are to be applied to the support, maintenance, and education of my said grandchildren, and the remainder is from time to time to be invested by the said party of the second part in interest-bearing securities; and on said grandchildren, respectively, attaining their majority, said party of the second part is authorized to pay over to them the money to which they are entitled under the terms of this instrument, or she may, in her discretion, retain control of the whole or any part of the moneys unexpended; my intention being to give to her full power in the premises to use the moneys coming into her hands in such manner as she may deem for the best

interest of the said children, without any restriction being imposed on her action either during their minority or afterwards."

From the date of said assignment until some time in 1890, Ira S. Pearsall continued to respect the assignments so made to complainant. He accounted to her from time to time, sent her moneys, releases to be executed and returned, deeds for execution upon the sale of property acquired by foreclosure, and in various other ways recognized the transfers so made as aforesaid. In May, 1891, complainant filed the present bill, setting forth that, since some time in 1890, defendant Ira S. Pearsall has denied complainant's ownership in said property, refuses to inform her concerning its condition, denies her right to any information, and asserts his right to control such property as owner; that he, by reason of his age, enfeebled condition, and impaired memory, does not properly care for and manage the property; that said Dwight E. Pearsall now makes claim to a joint interest in and right to all of the property so assigned to complainant; and praying for a statement of the notes and mortgages in the hands of defendant Ira S. Pearsall owned by her individually, a like statement of notes and mortgages in his hands owned by her in trust, an accounting by him, and the appointment of a receiver, in order that the said property may be under the control of the court, and the rights of all parties fully protected.

The court below gave complainant a decree, denied the right of Dwight E. Pearsall to a joint interest with complainant, appointed a receiver, and directed an accounting, and that said property be turned over to such receiver. After a very full examination of the record and testimony, we are satisfied that the decree, upon the merits, should be affirmed.

Two questions are raised by defendants:

1. That the bill is multifarious, in that it asks for relief respecting property held by complainant in trust, as well as her individual property.

2. That the bill is defective for want of parties, in that the beneficiaries should have been joined.

The objection for multifariousness, if it has any force, should have been raised by demurrer. Jennison, Ch. Pr. 26.

We think, too, that the objection for want of parties, under the circumstances of this case, should have been raised by demurrer before answer. Complainant holds the legal title. The rights of the beneficiaries are not prejudiced by this decree. The bill does not seek to reduce the property to the possession of complainant, but only to place it in the hands of a receiver under the direction of the court. The only object to be attained by making the beneficiaries parties is the protection of defendant Ira S. Pearsall against further possible litigation at the instance of the beneficiaries. If defendant desired protection against that possibility he should have made timely objection, in order that the expense of these proceedings might have been avoided. It would be inequitable now, after complainant has made her case upon the merits, to burden her with the cost and expense of these proceedings in order to relieve the defendant from possible further litigation. It is well settled that, in a suit by a trustee to reduce the trust fund to his possession, the beneficiaries need not be brought in. *Sill v. Ketchum*, Har. Ch. 423; *Morey v. Forsyth*, Walk. Ch. 465; *Adams v. Bradley*, 12 Mich. 346. It is true that in the present case the funds sought to be reached are not all trust funds, and that an accounting is sought to determine which are trust funds, and what are not; but the decree here does not reduce either fund to the possession of complainant, but places both in the hands of the receiver, under the protection of

the court, before which the beneficiaries may be heard, so that, as between complainant and the beneficiaries, the latter are fully protected.

The decree is therefore affirmed, with costs to complainant.

The other Justices concurred.