MINER *v.* WILSON.

1. EQUITY PLEADING—MULTIFARIOUSNESS.
   The objection that a bill is multifarious should be raised by demurrer, and not at the hearing on bill and answer.

2. VENDOR AND VENDEE—POSSESSION—NOTICE.
   Occupancy of land, within clearly defined boundaries, as a pasture, to which purpose it is alone adapted, is sufficient to

| 107 | 57 |
| 136 | ²609 |

| 107 | 57 |
| 152 | 265 |

charge a purchaser with constructive notice of the rights of
the occupant.

Appeal from Allegan; Padgham, J.    Submitted Oc-
tober 23, 1895.   Decided November 5, 1895.

.Bill by Charles Miner against John Wilson and Horace
T. Cook, as executor of the last will and testament of
John G. Kellogg, deceased, to correct the description in
a deed to complainant, and to set aside a deed to defend-
ant Wilson.   From a decree for complainant, defendant
Wilson appeals.   Affirmed.

*Charles R. Wilkes,* for complainant.

*Hannibal Hart,* for appellant.

MONTGOMERY, J.   The bill in this case was filed to set
aside a deed made by the defendant Cook, as executor of
the estate of John G. Kellogg, and to remove the cloud
created by the recording of such deed.   The bill also
asked to have a deed previously made to complainant by
Kellogg, in his lifetime, corrected.   The circuit judge
granted the relief prayed, and defendant Wilson appeals.

1. The bill charges that on the 12th day of January,
1878, John G. Kellogg owned the premises in question,
that complainant on that day bargained to buy them
from Kellogg, and that a deed was made to complainant,
but by mistake the premises described by the deed were
the south-east fraction, instead of the north-east fraction.
It is also alleged that complainant has paid the taxes,
has fenced in the land, and has for several years last
past used it as pasture, in connection with other lands
owned by him; that, while complainant was in possession
of the land, defendant Wilson obtained a deed from the
executor, and now asserts title to the land.   Defendant
Wilson answered the bill fully, but at the hearing con-
tended that the bill was multifarious.   We need not
determine whether the bill would have been open to this
objection if taken by demurrer, as the defendant did not

take the proper course to raise the question. See *Payne v. Avery*, 21 Mich. 538; *Snook* v. *Pearsall*, 95 Mich. 534; *Burnham* v. *Dillon*, 100 Mich. 352.

2. There is no room for doubt that a mistake was in fact made in the original deed to complainant. As to the knowledge of defendant Wilson of complainant's rights, the circuit judge found as follows:

"That, at the time of the purchasing of the premises, in the complainant's bill described, by the said defendant John Wilson, the said Charles Miner was in the actual, open, and adverse possession of the same, and that the said Wilson had knowledge of the rights and interests of the said Miner such as to put him upon inquiry, and that he had actual knowledge of the rights and interests of the said Miner in and to said premises."

We think it unnecessary to determine where the weight of evidence as to the actual notice rests, as we are well satisfied that there was such constructive notice as to put the defendant Wilson on inquiry as to the complainant's rights. The land in question abutted on a lake, which formed the western boundary. On the north was a fence extending to the lake, and on the south there had been a fence, which had been allowed to get out of repair, evidently because the boundary was marked by a ditch deep enough to turn stock. The premises were used as pasturage by the complainant, and their situation gave fair evidence of occupancy. Defendant himself testified as follows:

"*Q.* You knew Miner had land right there?

"*A.* That is what Tiffany told me.

"*Q.* Then it looked to you as though this land was right in with Miner's?

"*A.* That is what I said before. I wouldn't have known it at all, if it hadn't been for Mr. Tiffany telling me where the town line cut off.

"*Q.* It never occurred to you, if that was all fenced in together, it might belong to one man, did it?

"*A.* No, it didn't.

"*Q.* You didn't ask anybody whether it belonged to Miner or not?

"*A.* I didn't ask anybody, simply because Mr. Tiffany told me, before this, it didn't belong to him. I didn't think anything about the fence coming in there."

We think it clear from the record that the complainant was in the actual occupancy of this land, had taken all necessary measures to mark the boundaries of his possession, was actually putting it to the only use to which it was adapted, and that defendant Wilson had such actual notice of its occupancy that good faith required that he should make inquiry of the occupant before assuming to purchase. See *Hommel* v. *Devinney,* 39 Mich. 522.

The decree will be affirmed, with costs.

The other Justices concurred.