## TOWNSHIP OF ONEIDA v. ALLEN.

1. EQUITY — PARTIES — TOWNSHIPS — CEMETERIES — BOARD OF HEALTH.
   A township is a proper complainant in a suit in equity to enforce rights pertaining to lands purchased by the board of health for a cemetery under the provisions of 2 Comp. Laws, §§ 4414, 4415.

2. SAME—PARTIES—OBJECTION—AMENDMENTS.
   An objection that the township board of health is a necessary party to a suit by the township to enforce rights relative to a cemetery, and has not been joined, should be timely made, and the court may permit an amendment therefor if necessary.

3. EASEMENTS—PRIVATE WAYS—USE BY OWNER OF THE FEE.
   The owner of the fee, over which a private way passes, has a right to use the way for any purpose not inconsistent with the right of the owner of the easement.

4. SAME—PRESCRIPTION—DEDICATION.
   Where a strip of land, dedicated as an approach to a cemetery, has been used by defendant and his grantors, for more than 15 years, as a private way to his adjoining farm, and it does not appear that the original dedication intended to exclude such use, the defendant's continued use of the approach will not be enjoined.

Appeal from Eaton; Smith, J. Submitted April 5, 1904. (Docket No. 4.) Decided July 16, 1904.

Bill by the township of Oneida against Charles G.

Allen to restrain the use of an approach to a cemetery as a farm lane. From a decree for complainant, defendant appeals. Reversed and bill dismissed.

*George E. & M. A. Nichols* and *Clarke & Latting*, for complainant.

*J. L. Sutherland* (*Black & Reasoner*, of counsel ), for defendant.

MONTGOMERY, J. The bill in this case was filed to restrain the defendant from using an approach to a cemetery for the purpose of drawing hay, grain, or other products over it, or driving his stock over it, or using the approach as a farm lane.

It appears that about the year 1839 one James Nixon dedicated to the public a cemetery lot consisting of one-half acre of ground, which extended from a point two rods from his northern line southerly, and was eight by ten rods in dimension. At the same time Nixon and his adjoining neighbor, Daniel Monroe, each dedicated a two-rod strip, extending from an existing highway westerly to the westerly limits of the cemetery lot, as an approach to such cemetery. No written conveyance was made of either description until 1887, when James Nixon conveyed the one-half acre description to the board of health of complainant. The defendant had succeeded to the title of Nixon in the farm which includes the fee to the two-rod strip dedicated in connection with the Monroe strip, and claims and has exercised the right to use the strip in question for the purpose of reaching the rear of his farm. The township authorities, desiring to improve the cemetery and approach, and believing the use made of the latter by the defendant to be detrimental to the improvements contemplated, on his refusal to refrain from such use, filed the present bill. On the hearing below an injunction was issued, and defendant appeals.

Numerous questions not going to the merits are discussed, but in the view which we take of the case the only one

137 MICH.—15.

of these preliminary questions which need be referred to is the contention that complainant is not a proper party, and that the suit should be in the name of the board of health of the township. The statute (2 Comp. Laws, §§ 4414, 4415) authorizes the board of health to purchase lands for cemetery purposes and hold the same in trust for the township. In a suit in equity to enforce rights arising out of such holding the township is a proper party. If the board of health should have been joined, objection for failure to do so should be timely. In the present case the question is first raised in this court. See *Snook* v. *Pearsall*, 95 Mich. 534 (55 N. W. 459). In such a case the absent party may be brought in by amendment if necessary. Id. But as we are of opinion that on the merits the bill cannot be sustained, we discover no occasion for directing an amendment in this case.

It appeared on the trial that at one time there had been surveyed a highway which embraced the four-rod strip in question and extended westerly some distance, and that later that portion lying westerly of the strip in question was discontinued.

The circuit judge, in treating of this subject, said:

"The approach has been used by the general public to reach the cemetery, and also to reach a way which is claimed to have been a public highway, having its starting point at the west end of the approach to this cemetery. Whether this was a public highway or not, is, in my judgment, of but little account, because it has been long since discontinued and closed up, and whether this highway was legally laid out, and had its starting point from the north and south highway lying east of the cemetery or not, is, in my judgment, of but little value, because, before this highway is claimed to have been laid out, the approach to the cemetery had been dedicated, accepted, and used as such, and I do not think it could be converted into a public highway in the way it is claimed it was done."

We do not find it necessary to hold that the strip in question became a public highway, but the fact that it was

used for many years as a way without objection, so far as appears, and the fact that the approach, when dedicated, was carried past the cemetery at the customary width of four rods, is of some significance as indicating the intent with which the original dedication was made, and whether it was made with a view of excluding the owner of the fee from such use of the property as the defendant and his grantors have since made. It is clear to us upon the whole testimony that the defendant and his grantors have made use of this way for more than the statutory period, and that the original dedication was not intended to exclude such use. Defendant and his grantors had the right to use the way in question for any purpose not inconsistent with the right of the owner of the easement. *Harvey* v. *Crane*, 85 Mich.. 316 (48 N. W. 582, 12 L. R. A. 601); 2 Dillon, Mun. Corp. (4th Ed.) § 633. In determining whether such use as defendant has made is or is not inconsistent with the dedication, it would seem clear that the court should consider what such dedication was, and the limitations placed upon it by the acts of the parties, as well as their interpretation of such dedication for these many years. If the case be so viewed, we can reach no other conclusion than that the defendant has the right to the use which he has made of the way in question.

The bill will be dismissed, with costs of both courts.

The other Justices concurred.