MORRIS *v.* KUHN.

(MORRIS *v.* VYSE.)

1. APPEAL AND ERROR—PLEA.

An appeal does not lie from an order overruling a plea, not to the merits, but of a dilatory nature.

2. EQUITY—MULTIFARIOUSNESS—DEMURRER.

The point that plaintiff's bill is multifarious cannot be raised by a plea; it is properly presented by demurrer, only.

Error to Wayne; Hosmer, J. Submitted January 6, 1916. (Docket No. 42.) Decided March 30, 1916.

Bill by Joseph C. Morris, administrator *de bonis non* of the estate of Charles L. Fish, deceased, against Maud A. Kuhn, Tillie Vyse and Mary A. Richards to impress a trust upon certain real estate and for an accounting. From an order overruling the plea of defendants Kuhn and Richards, they appeal. Affirmed.

*William E. Henze*, for complainant.

*Wilkinson, Routier & Hinkley*, for defendants.

BROOKE, J. This case was before the court on a former occasion. *Morris* v. *Vyse*, 154 Mich. 253 (117 N. W. 639, 129 Am. St. Rep. 472). A sufficient statement of the facts involved will be found in that opinion. We there overruled defendants' demurrer, and granted to them the usual time in which to answer. Instead of answering simply, they filed a plea and answer. The plea is based primarily upon the ground that the petitions filed in the probate court for the county of Wayne for the appointment of Ruggles as administrator, or for the appointment of Morris (complainant) as administrator *de bonis non* of the estate of Fish, did not set forth sufficient facts to warrant the appointment of either of said persons as administrators, in that they did not allege that defendant Vyse was insolvent, or that defendants Richards and Kuhn were in any way concerned in the fraud alleged to have been perpetrated against Fish, or that it was necessary for the preservation of the estate to impress a trust upon the property in Wayne county, and that said petition did not state that defendants Kuhn and Richards are holding the property for the use and benefit of the said Vyse, and in furtherance of the perpetration of the fraud practiced by defendant Vyse upon Fish, by means of which she obtained the money in question. The second ground of the plea is based upon the alleged fact that the bill is multifarious. The plea raises no issue of fact. Arguments were had upon the plea, and the same was overruled by the trial court. Defendants have removed the case to this court for review.

We have lately held that a plea which does not affect the merits of the entire controversy is not a final order, and therefore not appealable. All the cases bearing

upon this question are examined and harmonized in the case of *Hagar* v. *Schliess*, 183 Mich. 610 (149 N. W. 1058).

With reference to the alleged fact that the bill is multifarious, we need only say that under our own decisions this point can be raised only by demurrer. *Snook* v. *Pearsall*, 95 Mich. 534 (55 N. W. 459); *Burnham* v. *Dillon,* 100 Mich. 352 (59 N. W. 176); *Miner* v. *Wilson*, 107 Mich. 57 (64 N. W. 874).

The order overruling defendants' plea is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.