## PEOPLE v. ALLEN.

1. CRIMINAL LAW—CEMETERIES—DESTROYING FENCE.

In a prosecution for cutting a wire fence inclosing a cemetery in violation of 3 Comp. Laws 1915, § 15485, defendant's contention that the prosecution would not lie because the fence was on the line between the cemetery lands and those of defendant is untenable.

2. SAME—RES JUDICATA—GOOD FAITH.

The decision of the Supreme Court in a case between the township and defendant determining defendant's right to the use of the way to the cemetery for purposes not inconsistent with the rights of the owner of the easement, *held*, not *res judicata* of defendant's rights in a criminal prosecution for cutting a wire fence inclosing said ceme-

tery in violation of 3 Comp. Laws 1915, § 15485, but it might be admissible as bearing upon his good faith.

3. Eminent Domain—Fee Acquired—Statutes.
By the express terms of the statute (1 Comp. Laws 1915, § 5130) the title in fee is acquired by condemnation proceedings.

4. Appeal and Error—Trial—Requests to Charge Covered in General Charge.
It is not error to refuse to give the requests to charge in their exact language, if the charge as a whole correctly states the law and covers the subject to which the requests are directed.

5. Trial—Instructions—Good Faith.
Held, that the trial judge in his charge fairly submitted the question of defendant's good faith to the jury.

6. Appeal and Error—Argument of Counsel—Criminal Law.
Argument which might well have been made to the jury in the condemnation case, and to the trial judge upon the matter of what sentence should be imposed in the penal case, are not proper for consideration by the Supreme Court on exceptions before judgment in the penal case.

Exceptions before judgment from Eaton; Smith (Clement), J. Submitted January 15, 1920. (Docket No. 81.) Decided February 27, 1920.

Charles G. Allen was convicted of cutting a wire fence in violation of section 15485, 3 Comp. Laws 1915. Affirmed.

*Henry J. Patterson*, for appellant.

*Harry H. Partlow*, Prosecuting Attorney, for the people.

Fellows, J. At an early date, presumably prior to 1841, the then owner of lands on section 26 of the township of Oneida in Eaton county, said to be one Nixon, dedicated a portion thereof for cemetery pur-

poses. The lands dedicated were back from a north and south highway and a way to them from such highway was also dedicated. The defendant has been for upwards of 20 years the owner of the Nixon land. In the case of *Township of Oneida* v. *Allen*, 137 Mich. 224, this court sustained the right of Mr. Allen to use the way for purposes not inconsistent with the rights of the owner of the easement. In 1916 the board of health of the township condemned lands adjacent to the old cemetery grounds, including in the condemnation proceedings the right of way and a strip 12 feet wide at the west end of the lands originally dedicated. Mr. Allen was allowed $275 for his damages, and this sum was paid to and accepted by him. In 1917 the township board erected a fence around the cemetery grounds. It appears to have been built on the line recognized by Mr. Allen as the true and correct line between his land and the cemetery. After its erection a portion of it was cut by Mr. Allen and he was prosecuted and convicted for the violation of the provisions of section 15485, 3 Comp. Laws 1915.

It was insisted that the prosecution would not lie because the fence was upon the line between the cemetery lands and those of defendant; that to justify a prosecution the fence must be erected wholly upon cemetery lands. The statute itself completely answers this contention. It provides:

"If any person shall wilfully destroy, mutilate, deface, injure or remove any tomb, monument, gravestone or other structure or thing placed or designed for a memorial of the dead, or any fence, railing, curb or other thing intended for the protection or for the ornament of any tomb, monument, gravestone or other structure before mentioned, or of any inclosure for the burial of the dead, or shall wilfully destroy, mutilate, remove, cut, break or injure any tree, shrub or plant, placed or being within any such enclosure, the person so offending shall be punished by fine not exceeding five hundred dollars, nor less than ten dollars,

or by imprisonment in the county jail not more than one year."

While the defendant was permitted to fully testify to the proceedings in the case above referred to which was finally decided by this court and testified to what he understood his rights were under that decision, it is urged that the trial court erred in not receiving in evidence the record and files in that case. It is urged that the decision in that case is *res adjudicata,* and that defendant's rights were fixed by it and that his act in cutting the fence was within his rights as determined in that case. Counsel overlooks the fact that the case referred to was a case between the township and the defendant while this is a criminal prosecution brought by the people for the violation of a penal statute. While it might be proper as bearing upon defendant's good faith to permit him to testify to his belief as to his rights under the decision of this court, such decision is not *res adjudicata* in this case. Since that case was decided the condemnation proceedings have been had and defendant has been paid for a small amount of land including his title to the lands dedicated as a way and all lands owned by him adjacent to it. Counsel says this did not take from him the fee. Again the statute answers the contention. By the express terms of the statute the title in fee was acquired by the condemnation proceedings. 1 Comp. Laws 1915, § 5130.

There is a claim made that the way from the north and south highway back to old cemetery was a public one. This cannot avail the defendant as matter of law as he could not reach it except by trespassing on the cemetery lands. And while defendant was permitted to testify to his understanding of the facts and his rights thereunder, such testimony was receivable only for the purpose of showing that his act was not wilful and was done in good faith. Under the

undisputed facts he had no right to cut the fence surrounding the cemetery grounds although he seems to claim that he lost no rights by the condemnation proceedings. The trial court was very liberal in permitting defendant to fully testify to his claimed understanding of what his rights were and his own justification for the act charged. We do not perceive that he was hampered in presenting his theory fully to the jury. The facts we have alluded to and about which defendant testified at length bore upon his good faith but they did not justify his act as matter of law.

The trial judge in his charge fairly submitted the question of defendant's good faith to the jury. We have repeatedly held that it is not error to refuse to give the requests of counsel in their exact language if the charge as a whole correctly states the law and covers the subject to which the requests are directed. We are unable to discover reversible error upon this record. Much of the argument indulged in might well be directed to the jury in the condemnation case and to the trial judge upon the matter of what sentence should be imposed. We entertain no doubt that such argument has received and will receive due consideration at the hands of those by whom such matters are determined. They are not for our consideration.

The conviction must be affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.