PETIT *v.* FLINT & PERE MARQUETTE RAILROAD CO.

1. TITLE TO LAND—ESTOPPEL.

An heir's right to recover his undivided interest in land conveyed by executors without authority cannot be defeated by showing that the executors received full value for the premises, and disbursed the purchase money in part for his benefit, since title to land cannot rest in estoppel.

2. EJECTMENT — BETTERMENTS — GOOD-FAITH OCCUPANCY — WHAT CONSTITUTES.

The "good-faith" occupancy which, when accompanied by color of title, entitles a defendant in ejectment, under 3 How. Stat. § 7836, to compensation for betterments in case of plaintiff's recovery, means simply occupancy under an honest belief in his right or title.

3. SAME—DILIGENCE.

The fact that the exercise of diligence would have disclosed to the occupant that he had no title does not necessarily negative the good faith of his occupancy.

4. SAME—VALUE OF IMPROVEMENTS—HOW ESTIMATED.

The value of the improvements in such a case is to be determined by the actual relative value of the land with or without the improvements, and not by their cost or peculiar value to the occupant, or what they may be worth to the plaintiff in view of the purposes to which he intends to devote the property.

5. SAME—COLOR OF TITLE—DEEDS.

That a deed of premises limits their use to a particular purpose does not prevent it from constituting color of title under said statute.

Error to St. Clair; Eldredge, J., presiding. Submitted February 8, 1899. Decided March 6, 1899.

Ejectment by Frank B. Petit against the Flint & Pere Marquette Railroad Company. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Benton Hanchett* (*Atkinson & Wolcott*, of counsel), for appellant.

*N. E. Thomas* (*H. W. Stevens*, of counsel), for appellee.

MONTGOMERY, J. This case has once been before this court. See 114 Mich. 362. On the former hearing the questions which relate to the plaintiff's title were dealt with, and the conclusion reached that the plaintiff had shown title to an undivided one-fourth of the premises in dispute, and that, on the record there presented, no estoppel was shown. After the case was remanded, the defendant was permitted to amend its plea by adding thereto a claim for improvements. The case has been retried, resulting in a judgment for plaintiff, based on a verdict directed by the court, and defendant has brought error.

On the second trial the evidence was not essentially different from that which was offered on the first, in so far as it was directed to establish title.

Defendant offered testimony to show that the executors of Edward Petit received full value for the premises, and that the money so received was disbursed for the benefit of the heirs, including plaintiff. This testimony was offered for the purpose of showing an estoppel. The court rightly held that this testimony was not available to defeat plaintiff's title in an action of ejectment. *Hayes* v. *Livingston,* 34 Mich. 387 (22 Am. Rep. 533); *Huyck* v. *Bailey,* 100 Mich. 223; *Penfold* v. *Warner,* 96 Mich. 179 (35 Am. St. Rep. 591)

The principal question presented on this record is whether the circuit judge was right in refusing to submit to the jury the question of the increased value of the land by reason of the improvements. Plaintiff seeks to sustain

this ruling on two grounds: *First*, that as the will under which the executors attempted to convey did not, as a matter of law, authorize the conveyance, the defendant was bound to know that fact, and cannot be deemed a good-faith occupant; and, *second*, that the evidence fails to show that the improvements placed upon the land were of any value to the land, disconnected from their use in connection with defendant's railroad. We think neither proposition tenable. The statute (section 7836, 3 How. Stat.) affirms an equitable right, and should receive no technical construction which will interfere with the purpose aimed at. The good faith intended by this statute means honest belief of the occupant in his right or title, and there was testimony in this case tending to show that the agents of defendant acted in good faith in entering into and retaining possession. The fact that diligence might have shown defendant that it had no title does not necessarily negative good faith. *Griswold* v. *Bragg*, 19 Blatchf. 94; *Canal Bank* v. *Hudson*, 111 U. S. 66; *Cole* v. *Johnson*, 53 Miss. 94; *Rawson* v. *Fox*, 65 Ill. 200.

The evidence tends to show that the land is more valuable to sell with the improvements placed thereon by the defendant than it would have been had no such improvements been made. Possibly the testimony is not conclusive on this point, but such is the tendency of some of the testimony. We think this must be the test under this statute,—the actual relative value of the land with or without the improvements. On the one hand, because structures had been erected or placed upon the land which cost the defendant money, and which are of value to it, the plaintiff cannot be charged with this cost, or special, peculiar value to defendant, if the actual value of the premises has not been enhanced thereby. On the other hand, the defendant cannot be denied all relief under this remedial statute on the ground that the improvements are not adapted to the use to which the plaintiff may assert it to be his intention to devote the property upon recovering it.

The fact that, by the terms of the deed under which the defendant held, the use of the premises was limited to a particular purpose, does not prevent the deed's constituting color of title.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.