## THOMAS *v.* WAGNER.

1. EJECTMENT — IMPROVEMENTS — CLAIMANT UNDER TAX DEED — GOOD FAITH.

   Under 3 Comp. Laws, § 10995, permitting an unsuccessful defendant in ejectment to recover for improvements, provided his occupancy was under color of title and in good faith, a defendant claiming under a void tax deed may recover for improvements, if he occupied in good faith, believing he had a valid title, though he knew that some interest was claimed by plaintiff.

2. SAME—TRADE FIXTURES—QUESTION FOR JURY.

   Whether buildings erected by a lessee to carry on the ice business became a part of the realty, so as to entitle him to compensation therefor, as improvements, under 3 Comp. Laws, § 10995, on being defeated in ejectment, or were trade fixtures, *held,* under the evidence, to have been a proper question for the jury.

Error to Hillsdale; Chester, J.   Submitted October 14, 1902.   (Docket No. 49.)   Decided November 11, 1902.

Ejectment by Sara ` H. Thomas against Charles L. Wagner, the Wagner Lake-Ice Company, and Frank Van Blacum.   From a judgment for plaintiff, but allowing defendants compensation for improvements, plaintiff brings error.   Affirmed.

*Bacon & Yerkes* and *W. J. Sampson,* for appellant.

*A. L. Guernsey* and *Grant Fellows,* for appellees.

MOORE, J.   This is an action of ejectment brought by plaintiff to recover possession of certain lands in the county of Hillsdale, State of Michigan.   Plaintiff recovered the land, but defendants were given a judgment in the sum of $11,000 for improvements on the property.   The defendants claimed title to the land under a sale of said lands for

taxes for the year 1893. The court charged the jury that this tax deed was absolutely void, and that defendants had no title to the land. It is claimed that after this tax title was obtained, and before the improvements were made, defendants had notice that the grantor of plaintiff claimed to be the owner of the land. It is the claim of defendants that, before the improvements were made, they submitted their title to reputable attorneys, and were advised it was good, and that they acted in the utmost good faith in building ice-houses upon this property, which are claimed to have cost somewhere between $16,000 and $17,000. The plaintiff has brought the case here by writ of error.

The first important question involves a construction of section 10995, 3 Comp. Laws. It is the claim of counsel that, at the time the Wagner Lake-Ice Company took the lease of these premises, they had knowledge that some interest in the premises was claimed by plaintiff, and although they may have taken counsel as to the validity of their title, and honestly believed their title good, they are not occupants in good faith, within the terms of the statute, and are not entitled to recover compensation for the improvements made; citing cases. This statute received a construction in *Miller* v. *Clark*, 56 Mich. 337 (23 N. W. 35), and in the recent case of *Petit* v. *Railroad Co.*, 119 Mich. 492 (78 N. W. 554, 75 Am. St. Rep. 417). See, also, *Griswold* v. *Bragg*, 19 Blatchf. 94 (6 Fed. 342). The trial court charged the jury upon this question in substantial accord with these cases.

The second important question is, Were the improvements of such a character as to be within the statute? It is the claim of the plaintiff that this question ought to be answered in the negative; that as the buildings were put up for the express purpose of enabling the ice company to carry on the ice business, and were not adapted to the needs of the agriculturist, and belonged to the defendant the Wagner Lake-Ice Company, they never became a part of the realty, but are trade fixtures, and not such improvements as the statute contemplates. The principle involved

was discussed in *Petit* v. *Railroad Co., supra.* Under the proofs, the question became one for the jury, under proper instructions from the court, which we think were given.

The other assignments of error relate to the admission of testimony and the charge of the court. While a few sentences of the charge, standing by themselves, might be adversely criticised, when they are read in connection with the rest of the charge we do not think it can be said the jury was misled.

The judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.