ROTTER *v.* DETROIT UNITED RAILWAY.

1. Evidence—Absent Witness—Testimony on Former Trial Admissible on Proper Showing.

The testimony of a witness on a former trial was admissible on sufficient showing that, notwithstanding efforts to subpœna him, he could not be found.

2. Same—Telephone Conversation—Admissibility.

Where defendant called up the number in the telephone book of a business associate of a person whose testimony was desired, and the voice responded that he was the person wanted, but that owing to hoarseness due to a cold his wife would talk for him, the ensuing conversation with the wife in which she informed defendant that said witness had disappeared, *held*, admissible.

3. Appeal and Error—Question Not Raised in Trial Court Not Considered in Supreme Court.

Objection that the stenographer's notes, from which the testimony of a witness at a former trial was read, were not properly verified, comes too late when raised for the first time in the Supreme Court.

4. Same—Error in Instructions as to Damages Not Material Where Verdict of No Cause of Action Returned.

The Supreme Court will decline to consider assignments of error predicated on instructions as to damages, where the jury did not reach a consideration of that question, but returned a verdict of no cause of action.

5. Negligence—Act May be Negligent Independent of City Ordinance.

The fact that an ordinance declares an act to be unlawful in no way prevents a party from claiming that, independent of the ordinance, the doing of the act is negligent.

6. Trial—Instructions—Contributory Negligence—Ordinances.

In an action against a street railway company and a brewery company for damages for the death of a boy about 15 years old, caused by a collision between a street car and a brewery truck, where defendants claimed that decedent was guilty of contributory negligence by "hitch-

On necessity and sufficiency of identification as a foundation for the admission of a conversation or communication by telephone, see notes in 6 L. R. A. (N. S.) 1180; L. R. A. 1918D, 720.

ing" onto the beer truck, while riding his bicycle, in violation of a city ordinance, an instruction that deceased was fully capable of being guilty of contributory negligence, and that if the jury should find that a boy of the age, mentality, and experience of deceased would not, under the circumstances, have "hitched" onto the beer truck he was guilty of contributory negligence, *held*, not erroneous in view of the fact that in another part of the charge the jury were instructed, in effect, that a violation of the ordinance was but evidence of negligence.

7. APPEAL AND ERROR—INSTRUCTIONS—NEGLIGENCE.

In an action for the death of a boy caused by a collision between a street car and a truck, where, to reach the verdict returned of no cause of action, the jury must have found either that there was no negligence on the part of either the street car company or the driver of the truck, or that deceased was guilty of contributory negligence, error, if any, in the giving of requests preferred by the street car company pointing out claimed negligence on the part of the driver of the truck, *held*, in no way controlling.

8. NEW TRIAL—EVIDENCE—GREAT WEIGHT OF EVIDENCE.

Motion for new trial on the ground that the verdict was against the great weight of the evidence, *held*, properly denied.

Error to Wayne; Dingeman (Harry J.), J.    Submitted January 4, 1922.    (Docket No. 21.)    Decided March 30, 1922.

Case by Augusta Rotter, administratrix of the estate of Stanley Rotter, deceased, against the Detroit United Railway and the Union Brewing Company for the alleged negligent killing of plaintiff's intestate. Judgment for defendants.    Plaintiff brings error. Affirmed.

*Harry J. Lippman* (*Ralph W. Liddy,* of counsel), for appellant.

*Corliss, Leete & Moody* (*Frederic T. Harward,* of counsel), for appellee railway.

*Vandeveer & Foster* (*Dwayne D. Maddox,* of counsel), for appellee brewing company.

SHARPE, J.   This case was before this court in 205
Mich. 212.   It was reversed, the court holding that the
question of defendants' negligence should have been
submitted to the jury.   A new trial has been had, re-
sulting in a verdict of the jury of no cause for action.
The judgment entered thereon is now reviewed by writ
of error.   The testimony is substantially as given on
the former trial.   A statement of the facts is therefore
unnecessary.   There are many assignments of error.
Those deemed material to the rights of the plaintiff
will be considered.

1. The facts testified to by Wilbur Jessop, a witness
for defendants, are set out in the former opinion.   On
this trial defendants offered proof tending to show
that an effort had been made to secure the attendance
of Jessop by subpœna but that he could not be found.
His testimony as given on the former trial was then
admitted.   The showing made justified this action.
See the recent case of *People* v. *Schepps, ante,* 406,
where the question is discussed at length in its applica-
tion to criminal trials.   A more liberal rule applies to
civil cases.   *Krouse* v. *Railway,* 170 Mich. 438; *Karwick*
v. *Pickands,* 181 Mich. 169; 10 R. C. L. p. 967.

2. In the showing made by defendants, a certain
telephone conversation was admitted.   An official of
the defendant railway learned that Jessop was associa-
ted in business at Eaton Rapids with a man named
Ben Hicks.   He found Hicks' name in the telephone
directory, that his number was 10, called up this num-
ber, asked for Mr. Hicks and a voice responded saying
he was Mr. Hicks but that, owing to a hoarseness due
to a cold, his wife would talk for him.   Mrs. Hicks
informed him that Jessop's mother had died, that he
had settled up her estate "and had disappeared."   This
conversation was admissible under the rule laid down
in *Theisen* v. *Taxicab & Transfer Co.,* 200 Mich. 136
(L. R. A. 1918D, 715).   The facts are quite different

from those in *Miller* v. *Kelly*, 215 Mich. 254, on which plaintiff relies.

3. It is also claimed that the stenographer's notes, from which the testimony of Jessop was read, were not properly verified. After the trial court had held the testimony admissible, no further objection was made. It now comes too late. *Detzur* v. *Stroh Brewing Co.*, 119 Mich. 282, and cases cited.

4. Several assignments are predicated on errors in instructions as to damages. In view of the verdict, it is apparent that the jury did not reach a consideration of the question of damages. We therefore decline to consider them.

5. In paragraph 17 of the charge, the court said:

"I charge you, that under the evidence in this case, Stanley Rotter was a bright, intelligent boy, 15 years of age, who for a year or more was accustomed to riding his bicycle upon the city streets, and I further charge you that a boy of his age, training and mentality was fully capable of being guilty of contributory negligence. If you find that a boy of the age, mentality and experience of Stanley Rotter, would not, under the circumstances in this case, have held onto the beer wagon, if you find that he was so hitching, then I charge you that Stanley Rotter was guilty of contributory negligence, and your verdict must be no cause of action as to both of the defendants."

The "hitching on" to the side of a vehicle is prohibited by a city ordinance which was put in evidence. It is claimed that the instruction given infringes the rule that a violation of an ordinance is but evidence of negligence. It is defendants' claim that, irrespective of the ordinance, the jury would have been justified in finding the boy guilty of negligence. The fact that an ordinance declares an act to be unlawful in no way prevents a party from claiming that, independent of the ordinance, the doing of the act is negligent. In another part of the charge the jury were instructed,

in effect, that a violation of the ordinance was but evidence of negligence. This conformed to the rule as stated in the former opinion.

6. Error is assigned on the giving of certain requests preferred by the defendant railway company in which its claim of negligence on the part of the driver of the brewing company's truck was pointed out. To reach the verdict rendered, the jury must have found either that there was no negligence proven on the part of either defendant or that the boy was guilty of contributory negligence. The instructions complained of were in no way controlling on either of these issues.

7. On a motion for a new trial, it was urged that the verdict was against the great weight of the evidence. We have read the record with care and cannot so conclude. The assignments not discussed have been considered. We find nothing in the record to justify a reversal.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.