## PANDALEON v. BRECKER.

1. APPEAL AND ERROR—EVIDENCE—BEST EVIDENCE RULE SHOULD
BE INVOKED IN TRIAL COURT.

Where defendant did not invoke the best evidence rule
in the trial court, but, without objection, allowed oral
testimony to be received as to the making of a written
contract, it is too late to invoke said rule for the first
time in the Supreme Court.

2. DAMAGES—BREACH OF CONTRACT—UNIFORM SALES ACT.

In an action for the damages sustained by plaintiffs by
reason of defendant's refusal to accept and pay for a
quantity of black Smyrna raisins at the contract price,
3 Comp. Laws 1915, § 11895, subd. 4 (uniform sales act),
is not applicable to fix the measure of damages, since
plaintiffs did not manufacture them and did not perform
any labor or purchase any material after defendant's at-
tempted cancellation in order to fulfil their obligation to
him.

3. SAME—DAMAGES—QUESTION FOR JURY.

Contradictory testimony as to whether there was a market
for said raisins at the place of delivery, held, to present
an issue of fact for the jury.

4. SAME—MEASURE OF DAMAGES—MINIMIZING DAMAGES—MARKET
VALUE—TRANSPORTATION.

In order to minimize their damages plaintiffs were bound
to sell the raisins, if possible, at the place of delivery,
but if there was no market there, then at the nearest
available market, at the highest market value; and their
measure of damages would be the difference between the
price received and the contract price plus transportation
charges, if it was necessary to seek a market in another
place.

Error to Wayne; Marschner (Adolph F.), J.   Sub-
mitted April 24, 1924.   (Docket No. 28.)   Decided
June 2, 1924.

Assumpsit in justice's court by Costa A. Pandaleon and others, copartners as Pandaleon Brothers, against Jack Brecker for breach of a contract of sale. There was judgment for plaintiffs, and defendant appealed to the circuit court. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Joseph L. Ruby* (*Leopold D. Mayer*, of counsel), for appellant.

*Friedman, Meyers & Keys*, for appellees.

FELLOWS, J.    Defendant signed and delivered to plaintiffs' agent the following writing:

> "Chicago, Illinois.
> August 20, 1920.
>
> "Sold to Mr. JACK BRECKER,
>     "Detroit, Mich.
> "Through our agents—Messrs. Ward L. Andrus & Co. of Detroit, Mich.
> "Payment terms: 10 days less 1%, against documents.
> "Shipment from Smyrna in Pool Car in October.
> "Weights guaranteed within the usual 1%.
> "250—25 lb. boxes Black Smyrna Raisins No. 3, at 21c per pound F. O. B. Detroit.    Duty paid.
>                    (Signed)   "JACK BRECKER."

Parol testimony was received without objection to the effect that a duplicate of this paper signed by plaintiffs was at the same time delivered to defendant. Some time later defendant attempted to cancel the contract but his cancellation was not accepted by plaintiffs although they did attempt unsuccessfully to sell the contract to someone else after they received defendant's letter. The raisins arrived in Detroit and were tendered to defendant who refused to accept them. Plaintiffs' testimony tended to show that there was at that time no market for this brand of raisins in Detroit and after making repeated attempts to sell

them there they were shipped to Chicago and there sold for 15 cents a pound, that being the highest obtainable price and the highest market price for this brand of raisins. Defendant controverted much of plaintiffs' testimony. Judgment passed for plaintiffs in both the justice's and circuit courts, and the case is here reviewed under numerous assignments of error.

No question of the statute of frauds is raised, but it is insisted by defendant's counsel that the two papers above referred to constituted a proposal and acceptance and that inasmuch as the paper signed by plaintiffs was not introduced in evidence there is no proof of acceptance and no proof of a binding contract. The rule is well recognized that the best evidence should be produced; but this rule was not invoked in the court below. Parol evidence showing that the paper signed by plaintiffs and delivered to defendant was a copy of the one signed by him was received without objection. Under these circumstances it is too late to invoke the rule for the first time in this court. The paper involved was used in the court below on both the examination and cross-examination of witnesses although it was not formally introduced in evidence. Defendant was at liberty in the court below to object to receiving the parol evidence, or if he saw fit to refute it if he could by introducing the exhibit. He did neither. He can not now complain.

Defendant's counsel insist that if plaintiffs are entitled to recover at all the measure of their recovery is fixed by subdivision 4 of section 11895, 3 Comp. Laws 1915, and as the proofs do not establish their measure of damages under this provision of the uniform sales act, there can be no recovery and a verdict should have been directed for the defendant. This section of the uniform sales act is not applicable to the facts before us. Plaintiffs here were not

manufacturing the articles sold.    They purchased the raisins in Smyrna and they were shipped to them by the usual means of transportation; they performed no labor and purchased no material after the attempted cancellation in order to enable them to fulfil their obligation to defendant.    The trial judge correctly held that the provision was not applicable and gave the correct rule as we shall presently see.

The last question we shall consider grows out of the fact that the raisins were sold by plaintiffs in Chicago instead of Detroit, the agreed point of delivery.    There was testimony on behalf of plaintiffs that after defendant's refusal to accept the raisins they attempted to sell them in Detroit but there was no market there for this brand, that after unsuccessfully attempting to sell them there plaintiffs shipped them to Chicago, the nearest available market, where they were sold at the best price obtainable—at the highest market value.    There was some testimony given in behalf of defendant that there was a market for them in Detroit.    This presented an issue of fact for the jury.    The trial court in his charge very clearly pointed out to the jury the duty of plaintiffs to minimize their damages; that they were bound to sell the raisins in Detroit, the agreed point of delivery, if possible, but if impossible to there find a market plaintiffs were bound to seek a market elsewhere in order to minimize their loss.    The instruction of the court was in consonance with the rule announced in the recent case of *Solomon* v. *Richardson,* 207 Mich. 415, where we held (quoting from the syllabus) :

"If there were no market price at the place of delivery, then the market price at the nearest place where there was one could be shown, and the difference between this price and the contract price, with the added cost of transportation would be the measure of damages."

See, also, *Piowaty* v. *Sheldon*, 167 Mich. 218 (Ann. Cas. 1913A, 610).

Other assignments of error are discussed in the briefs but are without merit.

The judgment will be affirmed.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.