UNITED STATES TRUST CO. *v.* TUCHOWSKA.

1. APPEAL AND ERROR—CONCESSION OF FACT RENDERED HARMLESS ADMISSION OF EVIDENCE THEREOF.

In action for money loaned by plaintiff's decedent, concession made by defendant's counsel in opening statement, that loan had been made, and amount, rendered harmless any error in receiving in evidence memorandum of loan made by decedent.

2. TRIAL—CONCESSION—DIRECTED VERDICT.

In action for money loaned by plaintiff's decedent, concession made by defendant's counsel in opening statement that loan had been made, and amount, obliged court to deny defendant's motion for judgment at close of plaintiff's case.

3. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

In action for money loaned by plaintiff's decedent, defendant's own testimony as to payment was properly rejected as equally within knowledge of deceased.

4. APPEAL AND ERROR—EVIDENCE ADMITTED WITHOUT OBJECTION NOT REVIEWABLE.

On review, defendant may not complain of reception of certain inadmissible testimony, where no proper objection was made to its introduction.

5. TRIAL—FINDINGS REQUESTED AFTER ENTRY OF JUDGMENT PROPERLY REFUSED.

Trial court properly refused to make findings of fact and law, where request therefor was not made until after entry of judgment.

6. PAYMENT—BURDEN OF PROOF.

In action for money loaned, where defense is payment, defendant has burden of proving payment.

7. EXECUTORS AND ADMINISTRATORS—MONEY LOANED—PAYMENT—WEIGHT OF EVIDENCE.

In action by administrator for money loaned by decedent, verdict for plaintiff for balance after crediting specific payments testified to by defendant's witnesses, *held*, not against great weight of evidence, unless, possibly, allowance of credits was excessive.

Error to Wayne; Hart (Ray), J., presiding. Submitted October 9, 1929. (Docket No. 39, Calendar No. 34,552.) Decided December 3, 1929.

Assumpsit by United States Trust Company, administrator of the estate of Catherine Tuchowska, deceased, against Jack Tuchowska, for money loaned. Judgment for plaintiff. Defendant brings error. Affirmed.

*Leopold D. Mayer,* for plaintiff.

*Harry J. Lippman,* for defendant.

Fead, J. This is an action to recover $2,000 loaned to defendant by decedent in her lifetime and for other recovery not of consequence here. Defendant pleaded payment. The trial was before the court without a jury, and plaintiff had judgment for $1,000.

Before any testimony was taken, defendant's former counsel made an opening statement in which he conceded that the loan had been made, and the amount. This concession rendered harmless any error in receiving in evidence a memorandum of the loan, made by decedent, and also obliged the court to deny defendant's motion for judgment at the close of plaintiff's case. Defendant's own testimony as to payment was properly rejected as within the equal knowledge of the deceased. The testimony of defendant's wife and daughter of payment was received and formed the basis of the credit allowed by the court. The court credited the specific payments to which they testified. He properly rejected their general assertions of payment in full, as not credible under their statements of the circumstances. Defendant cannot complain of the reception of certain inadmissible testimony because no proper objection was made to its introduction. The court properly refused to make findings of fact and law as request therefor was not made until after entry of judgment. Defendant had the burden of proving payment and the verdict was not against the great weight of evidence except, possibly, as intimated by the court in ruling upon the motion for a new trial, in the respect that the allowance of credits to defendant was

excessive. No good grounds were shown for a new trial.

Judgment is affirmed, with costs.

NORTH, C. J., and BUTZEL, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.