TAYLOR *v.* HURD.

1. Quieting Title—Cancellation of Instruments—Fraud—Parties—Tender of Purchase Price.

In suit to perfect title in plaintiffs' grantees to former school house site which plaintiffs had intended to convey to their grantee under warranty deed although they had no record title to such site adjacent to balance of quarter section conveyed because quitclaim conveyance of the site to defendants by plaintiffs had been made upon defendants' fraudulent representation of ownership, defendants *held,* guilty of sharp practice in making such representation; plaintiffs, interested in the subject matter of the suit because of liability on their warranty to their grantees and entitled to recover without repayment of the purchase money where defendants had paid plaintiffs only a nominal amount for the property.

2. IMPROVEMENTS—STATUTES—CONSTRUCTION.

   In suit to perfect title in plaintiffs' grantees to parcel of land upon which defendants had made improvements, statute relative to affording improver of real estate an equitable right for value thereof should not receive a technical construction which will interfere with its purpose (3 Comp. Laws 1929, §§ 14945, 14946).

3. SAME—STATUTES—GOOD FAITH.

   In suit to perfect title of real estate in plaintiffs' grantees against parties in possession who had made improvements thereon, defendants who had made them without an honest belief in their right or title to the premises were not entitled to invoke statutory aid to recover value of improvements since they were not made in good faith as required by statutes (3 Comp. Laws 1929, §§ 14945, 14946).

Appeal from Oakland; Doty (Frank L.), J. Submitted April 3, 1940. (Docket No. 29, Calendar No. 40,888.) Decided June 3, 1940. Rehearing denied September 6, 1940.

Bill by Robert L. Taylor and wife against Henry M. Hurd and wife to quiet title to real estate. Decree for plaintiffs. Defendants appeal. Affirmed.

*Thomas C. Taylor,* for plaintiffs.

*Cochran & Crandell,* for defendants.

POTTER, J. Plaintiffs were the owners of the southeast quarter of section 14, town 1 north, range 9 east, containing 160 acres of land more or less. They held these lands subject to a land contract made by Eugene Ames, an unmarried man, with Charles White and Lillian White, as vendees. At the time plaintiffs owned the lands and premises in question, there was a schoolhouse site located on the northeast corner of the premises with a schoolhouse situated thereon. Subsequently the schoolhouse ceased to be used for school purposes. Later, January 13, 1919,

plaintiffs conveyed by warranty deed the premises to Charles White, of Farmington, Michigan, in pursuance of his land contract, and they subsequently discovered that the land conveyed by them did not include the schoolhouse site although they intended the conveyance should do so. Charles White and wife took possession of the premises, including the schoolhouse site, and continued to occupy the same although they had no record title to the schoolhouse site. Subsequently defendants Henry M. Hurd and Adah B. Hurd, his wife, took possession of the schoolhouse site. Suit was instituted against them before a circuit court commissioner but they claimed title to the premises and the suit was, therefore, dismissed, and this bill was filed for the purpose of perfecting the title of the Whites in the premises in question. From decree for plaintiffs, defendants appeal.

The testimony shows that Hurd went to see the plaintiffs about this land, claimed he owned it, and desired to get a quitclaim deed to clear the title. Having acquired the title by quitclaim deed, defendants moved upon the premises and have since claimed it. Plaintiffs claim they were tricked into executing the quitclaim deed by the statement that Hurd had acquired the title. Plaintiff Robert L. Taylor's testimony is corroborated by that of his wife. There is no dispute about the facts. Defendants claim, however, there was no fraudulent representation; that plaintiffs were not interested in the subject matter and entitled to prosecute the suit; that defendants should not be deprived of possession without compensation for improvements; and that plaintiffs may not recover possession without repayment of the purchase money.

We think under the circumstances defendants were guilty of sharp practice in attempting to acquire title by representing they were the owners of the schoolhouse site in question; that plaintiffs are interested

in the subject matter of the suit because they are likely to be held liable on their warranty; and that plaintiffs may recover without repayment of the purchase money, defendants having paid only a nominal amount for the property. What the value of the improvements erected by defendants upon the premises may be does not clearly appear, but the statute affords an equitable right and should receive no technical construction which will interfere with the purposes aimed at. The "good faith" involved by the statute* means an honest belief of the occupant in his right or title. *Petit* v. *Railroad Co.*, 119 Mich. 492 (75 Am. St. Rep. 417). Defendants were in no position to invoke the aid of the statute under the facts in this case.

Decree affirmed, with costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.