## TASKEY *v.* PAQUETTE.

1. PLEADING—ADMISSIONS—EVIDENCE.

    Defendant's claim that copy of deed introduced by plaintiff in ejectment action was improperly received *held*, not properly advanced, where answer had admitted execution of conveyance to plaintiff, the latter's claim of ownership thereunder and the recording of the instrument after quitclaim deed under which defendants' claim had been recorded (Court Rule No. 17, § 10 [1945]).

2. SAME—ADMISSIONS AGAINST INTEREST—EVIDENCE.

    All statements contained in litigant's pleading, insofar as they are admissions against interest rather than self-serving, are treated as evidence thereof and need not be proven by an opposing litigant (Court Rule No. 17, § 10 [1945]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am. Jur., Evidence, § 630; 41 Am. Jur., Pleading, § 201.
[5] 3 Am. Jur., Appeal and Error, § 896.
[7] 55 Am. Jur., Vendor and Purchaser, § 685.
[7] Grantee or mortgagee by quitclaim deed or mortgage in quitclaim form as within protection of recording laws. 59 A.L.R. 637.
[9, 12] 18 Am. Jur., Ejectment, § 159; 27 Am. Jur., Improvements, § 31.

3. EVIDENCE—COPIES OF INSTRUMENTS—ADMISSION IN PLEADING.

Where apparently counsel for plaintiff in ejectment action did not wish to rely wholly on admissions in defendants' answer as to warranty deed under which plaintiff claimed title and presented what was claimed to be a copy of such deed and defendants objected that it was not a true copy, contention on appeal that it should have been excluded because insufficient showing had been made on trial that plaintiff had been diligent in searching for the original was not tenable (Court Rule No. 17, § 10 [1945]).

4. TAXATION—EJECTMENT—POSSESSION—NOTICE OF RECONVEYANCE.

Evidence in ejectment action *held*, to fully support trial court's finding that plaintiff was in possession of land at time defendant received tax deed but that notice of reconveyance, required by statute to be served upon party in possession, had not been served on plaintiff (1 Comp. Laws 1929, § 3535, as amended by Act No. 51, Pub. Acts 1939).

5. APPEAL AND ERROR—NONJURY CASE—PREPONDERANCE OF EVIDENCE.

In action at law tried without a jury the Supreme Court does not reverse unless the evidence clearly preponderates in the opposite direction.

6. EJECTMENT—GOOD-FAITH PURCHASERS—FINDING OF COURT—EVIDENCE.

Evidence in action of ejectment *held*, sufficient to support finding of trial court that defendants were not good-faith purchasers of property involved (3 Comp. Laws 1929, §.13304).

7. SAME—DEEDS—TITLE.

Where neither defendants nor their grantor were good-faith purchasers of property involved in action of ejectment, tax deed and quitclaim deed conveyances under which they assert title may not be accorded priority over plaintiff's warranty deed (3 Comp. Laws 1929, § 13304).

8. SAME—CLAIM FOR IMPROVEMENTS—NEW TRIAL.

Defendant in ejectment action who failed to file a claim for improvements made upon the premises involved, pursuant to provisions of statute, would not be entitled to a new trial because such an allowance was not made when judgment was granted to plaintiff (3 Comp. Laws 1929, §§ 13946, 13947).

9. SAME—PLEADING—CLAIM FOR IMPROVEMENTS.

   A mere statement in the answer filed in an ejectment action that defendants "had entered into possession and had improved the lands" is insufficient to apprise the plaintiff that any claim for the allowance of the enhanced value of the property due to improvements was being asserted pursuant to provisions of the statute therefor (3 Comp. Laws 1929, §§ 13946, 13947).

10. SAME—FILING OF CLAIM FOR IMPROVEMENTS.

   In an action of ejectment to recover possession of lands upon which defendants had made improvements after the action was begun it was not incumbent upon plaintiff during course of trial to point out that the statutory claim on account of improvements had not been filed (3 Comp. Laws 1929, §§ 13946, 13947).

11. SAME—GOOD FAITH—IMPROVEMENTS.

   Finding of trial court in action of ejectment tried without a jury that defendants had made improvements after the action was started and that they did not act in good faith, notwithstanding they may have sought advice of their attorney, *held,* supported by the record (3 Comp. Laws 1929, §§ 13946, 13947).

12. SAME—CLAIM FOR IMPROVEMENTS—STATUTES.

   In action of ejectment where claim for improvements is not made pursuant to provisions of statute therefor, recovery may not be had whether such improvements were made before or after suit was begun (3 Comp. Laws 1929, §§ 13946, 13947).

Appeal from Alger; Runnels (Herbert W.), J. Submitted January 5, 1949. (Docket No. 17, Calendar No. 44,208.) Decided April 11, 1949. Rehearing denied May 18, 1949.

Ejectment by Raymond Taskey against Sam Paquette and wife to recover possession of land. Judgment for plaintiff. Defendants appeal. Affirmed.

*George S. Baldwin,* for plaintiff.

*McGinn & Fitzharris,* for defendants.

CARR, J. Plaintiff brought suit in ejectment to try the title to 40 acres of land in Alger county. In his declaration he alleged ownership and the right to possession of the premises by virtue of a warranty deed executed and delivered to him on September 13, 1937, by the Wisconsin Land & Lumber Company. He further alleged that the defendants, who were in possession of the premises at the time the suit was started, had wrongfully ejected him, and that they claimed ownership by virtue of a quitclaim deed from Lewis P. Cannon and Della M. Cannon, executed and recorded on May 6, 1946.

In their answer defendants averred that the land was sold by the State on May 4, 1943, to Lewis P. Cannon for 1940 delinquent taxes, that Cannon received his tax deed on July 13, 1944, and that such deed was placed on record on September 30th following. Defendants further claimed that Cannon received a quitclaim deed of the property from the Wisconsin Land & Lumber Company (plaintiff's grantor) on January 19, 1944, which instrument was recorded January 25th of the same year, and that on May 1, 1946, Cannon and wife executed a quitclaim deed to defendants, which was recorded May 6, 1946. The answer also admitted plaintiff's claim of title under the warranty deed referred to in the declaration, but alleged that the same was not recorded until May 7, 1946, after the conveyance to defendants from Cannon, and that plaintiff had not paid the taxes on the property "from the date his warranty deed was given until the present time."

Following the presentation of the proofs, the trial court, hearing the matter without a jury, determined the issues raised by the pleadings in favor of the plaintiff, and found specifically that Taskey was the owner of the property by virtue of the conveyance to him by the Wisconsin Land & Lumber Company, that Cannon, at the time he conveyed to defendants,

had no interest in the premises by virtue of either the quitclaim deed from plaintiff's grantor or the tax deed from the State, that he was not a purchaser in good faith, and that defendants were not purchasers in good faith when they received their deed on May 1, 1946. A judgment was entered accordingly. Defendants' motion for a new trial was denied, and they have appealed.

On the trial plaintiff offered in evidence, as exhibit 1, a purported copy of the conveyance to him. The testimony of the witness, the secretary of the Wisconsin Land & Lumber Company, indicated that the exhibit was not a true copy, in that the names of the witnesses to the instrument were incorrect. Thereupon counsel for plaintiff offered exhibit 2, which was identified by the witness as a duplicate copy of the original. Objection was made solely on the ground that this exhibit was not a true copy. The trial court concluded otherwise, and the exhibit was received.

On behalf of the defendants it is now claimed that the exhibit was improperly admitted, on the ground that there was not a sufficient showing of diligence on the part of plaintiff in searching for the original. The plaintiff testified that he had lost the conveyance to him and that he was unable to find it, but did not go into detail as to the efforts made in that regard. However, we do not think defendants are in position to raise the question on this appeal. As above noted, the answer admitted the execution of the conveyance to plaintiff, the latter's claim of ownership thereunder, and the recording of the instrument after the quitclaim deed under which defendants claim was recorded. Court Rule No. 17, § 10 (1945), provides as follows:

"Any statement of fact set forth in any pleading shall be treated as an admission by the pleader and need not be proved by the opposite party."

In *Grand Trunk Western Railroad Co.* v. *Lovejoy,* 304 Mich. 35, 41, it was said:

"In this jurisdiction under court rules all statements contained in a litigant's pleading insofar as they are admissions against interest rather than self-serving are treated as evidence thereof. And such admitted facts or circumstances need not be proven by an opposing litigant."

Apparently counsel for plaintiff did not wish to rely wholly on the admissions in the answer, and therefore introduced proof for the purpose of showing title to the property. Defendants did not object other than on the ground that the exhibit offered was not a true copy of the original deed, which objection, insofar as exhibit 2 was concerned, was not well-founded. They are not in position to contend that the exhibit should have been excluded for the reason now urged. *Hirschfield* v. *Franks,* 112 Mich. 448; *Rotter* v. *Detroit United Railway,* 217 Mich. 686; *Pandaleon* v. *Brecker,* 227 Mich. 297; *United States Trust Co.* v. *Tuchowska,* 249 Mich. 16; *Chubb* v. *Upton,* 95 U. S. 665 (24 L. Ed. 523).

As before noted, defendants' grantor, Lewis P. Cannon, obtained a tax deed from the State in July, 1944. Prior thereto he had obtained a quitclaim deed from the Wisconsin Land & Lumber Company, which, it is conceded, was the owner of the property prior to its conveyance to the plaintiff. However, in order to perfect his title, he was required by statute * to cause notice to redeem to be served "upon the person or persons, if any there be, in the actual open possession of such lands at the date aforesaid." The trial court found, and the evidence in the case fully supports such finding, that during

---

* 1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 (1st Ex. Sess.), and Act No. 51, Pub. Acts 1939 (1 Comp. Laws 1948, § 211.140 [Comp. Laws Supp. 1940, § 3535, Stat. Ann. 1947 Cum. Supp. § 7.198]).

the period in question plaintiff was in possession of .the property. The notice specified in the statute was not served on him.

Before Cannon received his quitclaim deed of the property from the Wisconsin Land & Lumber Company he was advised by his grantor that the land had been conveyed to plaintiff by warranty deed on September 13, 1937. The quitclaim deed was given to him for the consideration of $5, apparently on the basis of his statement to the grantor that he had "a tax interest" in the property. It clearly appears that Cannon was fully informed as to the ownership of the property by plaintiff at the time he obtained the quitclaim deed from the former owner. The trial court correctly determined that he was not "a purchaser in good faith and for a valuable consideration." The fact that he caused the conveyance to him to be recorded before plaintiff's deed was placed on record gave him no priority. His tax deed from the State did not vest the title in him for the reason, as before noted, that he did not comply with the statutory requirement as to notice to the party in possession. At the time he executed the deed to defendants, on May 1, 1946, Cannon did not own the property.

As indicated by their answer, defendants rely on 3 Comp. Laws 1929, § 13304 * (Stat. Ann. § 26.547), which reads as follows:

"Every conveyance of real estate within the State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded. The fact that such first recorded conveyance is in the form or contains the terms of a deed of quitclaim and release shall not affect the ques-

---

* 3 Comp. Laws 1948, § 565.29.—REPORTER.

tion of good faith of such subsequent purchaser, or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof."

In substance, it is the claim of the defendants that the conveyances through which they claim title to the property under the Wisconsin Land & Lumber Company should be allowed priority over the conveyance to plaintiff because first recorded. They claim, also, that they paid Cannon $300 for the property. On behalf of plaintiff, testimony was offered tending to show that defendants at the time they took their deed from Cannon, and prior thereto, had notice and knowledge that plaintiff was the real owner. In some respects defendants' testimony was squarely in conflict with that given by plaintiff and his witnesses. However, they made admissions indicating clearly that they had sought at one time to purchase the property from plaintiff; and that they had occupied the property, while they were constructing a building across the highway on other property that they owned, on the basis of permission given by plaintiff's mother.

In his opinion filed in the cause the trial judge discussed at some length the testimony relating to defendants' good faith. Reviewing such testimony here in detail would serve no useful purpose. The trial judge was in position to pass on the credibility of the witnesses before him. In a law case tried by the court without a jury, this Court does not reverse unless the evidence clearly preponderates in the opposite direction. *Marion* v. *Savin*, 315 Mich. 448; *Brady* v. *Central Excavators, Inc.*, 316 Mich. 594, 613. In the instant case the conclusions of the trial court are clearly supported by the record. Neither defendants nor their grantor were good-faith purchasers of the property, and, hence, the claim that the conveyances under which they assert title should

be given priority over plaintiff's warranty deed, under the statute above quoted, must be rejected. *Smelsey* v. *Guarantee Finance Corp.*, 310 Mich. 674.

Defendants claim that a new trial should be granted because the trial court denied them the right to recover the enhanced value of the premises on account of improvements made by them thereon. It appears that suit was started immediately by plaintiff after defendants ordered him from the property and took possession of it under their claim of title. The buildings constituting the alleged improvements were erected after suit was started. 3 Comp. Laws 1929, § 14946* (Stat. Ann. § 27.1957) provides:

"Whenever in any action of ejectment the plaintiff, or any 1 or more of the plaintiffs, if there be more than 1, shall recover, or recover any undivided interest in the premises the defendant or defendants shall be allowed compensation in proportion to such recovery for buildings and improvements on the premises recovered, erected, or made by him or them, by any person through whom he or they claim title to the extent that such buildings and improvements shall increase the present value of said premises: Provided, The defendant or defendants, or the person through whom he or they claim title, shall have been in the actual, peaceable occupation of the premises recovered, for 6 years before the commencement of the action: Or Provided, The same shall have been so occupied for a less time than 6 years under a color of title and in good faith."

3 Comp. Laws 1929, § 14947† (Stat. Ann. § 27.1958) provides that a defendant desiring to avail himself of the provisions for compensation, as set forth in the language above quoted, may file a claim in writ-

---

* 4 Comp. Laws 1948, § 629.44.—REPORTER.
† 4 Comp. Laws 1948, § 629.45.—REPORTER.

ing, setting forth the character of his occupation
and the time thereof, with a request that it be deter-
mined whether the premises have been actually and
peaceably occupied by defendant in the manner in-
dicated, and also that the increased value of the
premises, by reason of such improvements, be de-
termined in the proceeding. In *Petit* v. *Railroad
Co.*, 119 Mich. 492 (75 Am. St. Rep. 417), to which
counsel for defendants direct attention, the claim
for improvements was raised as required by the
statute. This procedure was not followed in the in-
stant case. A similar situation was involved in
*Newaygo County Manufacturing Company* v. *Echti-
naw*, 81 Mich. 416. There, as in the case at bar, the
defendant failed to file a claim for improvements
alleged to have been made by him, and the trial
court excluded evidence relating to the matter.
This Court sustained the ruling.

Counsel for defendants have called attention in
their brief to a statement in their answer to the
declaration that defendants "had entered into pos-
session and had improved the lands." It appears
from a consideration of the pleading that such state-
ment was made in support of defendants' contention
that they had acted in good faith. It was not suffi-
cient to apprise plaintiff that any claim for the al-
lowance of the enhanced value of the property due
to improvements was being asserted. Whether any
improvements had actually been made prior to the
filing of the answer is not disclosed by the record.
It does appear, as before noted, that the improve-
ments were put on the land after the suit was start-
ed. Defendants' suggestion that the statement in
the answer, above quoted, was a sufficient compli-
ance with the statute is not tenable.

Defendants further contend that plaintiff waived
the right to object to any allowance to defendants,
because of the alleged improvements, by failing to

call attention on the trial to the fact that a claim had not been filed therefor, as required by the statute. The record does not disclose that the matter of improvements was referred to during the trial other than on the cross-examination of the plaintiff, at which time the following occurred:

"*Q.* The buildings there now, what improvements had Mr. Paquette made on those lands? Have you seen them lately?

"*A.* I went by there, yes.

"*Q.* He has built a fine home there?

"*Mr. Baldwin:* Objected to as immaterial. This suit would have to be decided as of the date the suit started.

"*The Court:* Yes.

"*Mr. O'Brien* (attorney for defendant): You are right."

No claim was made at the time by counsel representing defendants that he was seeking to prove the enhanced value of the property due to the improvements, or that he claimed the right to do so. The record indicates that the testimony was offered as bearing on the issue of defendants' good faith. The objection that such testimony was immaterial was well-founded. Under the circumstances it was not incumbent on counsel for the plaintiff to point out that the statutory claim on account of improvements had not been filed. Defendants and their counsel were aware of such fact, and must be charged with knowledge that there could be no recovery, because of the improvements, in the absence of a proper claim.

The trial court in the case at bar further found that the improvements were not made in good faith, because the buildings were erected after the suit was started, and with knowledge on the part of the defendants as to the rights of the plaintiff under the conveyance to him. Defendants, however, claim

that they consulted an attorney before they made the improvements, and were assured that their title was good. The attorney referred to represented defendants on the trial in circuit court. It may be assumed that he gave his advice on the basis of factual statements made to him by defendants in accordance with their claims as indicated by their testimony on the trial. The findings of the trial court, however, clearly show that defendants did not act in good faith, and such findings, as before stated, are supported by the record.

On behalf of defendants, attention is called to *Thomas* v. *Wagner,* 131 Mich. 601, where the question as to whether the improvements were made in good faith was submitted to a jury and determined in favor of the defendant in the case. Doubtless the issue in the ordinary case is one of fact, and is to be determined accordingly. It was so determined in the case at bar. However, and without reference to the question of good faith, the failure of defendants to file claim in the proceeding, in accordance with the statute, barred the making of an award to them because of the improvements on the property. It is unnecessary to consider in this case whether the fact that the improvements were actually made after the suit was started would bar recovery therefor without reference to the other issues in the case.

The judgment of the trial court is affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.