SMELSEY v. SAFETY INVESTMENT CORP.

1. EJECTMENT—PLAINTIFF MUST RELY ON OWN TITLE, NOT ON
WEAKNESS OF DEFENDANT'S TITLE.
    To prevail in an ejectment proceeding a plaintiff must rely upon
        the strength of his own title, not on the weakness of defend-
        ant's title.

2. SAME—PRIMA FACIE PRIOR TITLE—BURDEN OF PROOF.
    The burden of proof of the invalidity of defendant's alleged
        prior title, established by a *prima facie* case, is upon the
        plaintiff in ejectment.

3. TAXATION—BURDEN OF PROVING TAX DEED INVALID.
    Party seeking to avoid a tax deed by direct proceedings for
        that purpose must substantiate charge of invalidity.

4. VENDOR AND PURCHASER—UNRECORDED TAX DEEDS—SUBSEQUENT
QUITCLAIM DEED FROM RECORD TITLE HOLDER.
    Unrecorded tax deeds from State of which plaintiff is not shown
        to have had knowledge or to have been put upon notice before
        obtaining quitclaim deed from record title holder were void
        as to plaintiff (3 Comp. Laws 1929, § 13304).

5. APPEAL AND ERROR—RIGHT CONCLUSION OF LOWER COURT
REACHED NOTWITHSTANDING ERRONEOUS FINDINGS.
    The fact that the lower court may have been wrong as to the
        effect of certain instruments involved in the litigation will
        not change the result if the court reached the right conclu-
        sion on other grounds.

6. VENDOR AND PURCHASER—99-YEAR LEASE—RECORD.
    A 99-year lease from city for unpaid delinquent city taxes
        being a lease for a term exceeding three years is a convey-
        ance of an interest in real estate required to be of record or be
        void as against a subsequent purchaser in good faith (3 Comp.
        Laws 1929, §§ 13304, 13309).

7. TAXATION—MUNICIPAL    CORPORATIONS—CHARTERS—DELINQUENT
   TAXES—PUBLICATION OF LEGAL DESCRIPTION.

   Under city charter provisions relative to sale of land for de-
   linquent city taxes where notice of sale was published as re-
   quired, 99-year lease given by city was not invalid because
   legal description of the property was not published, where pub-
   lication of such description was not required.

8. SAME—99-YEAR LEASE FOR DELINQUENT CITY TAXES—PRESUMP-
   TION OF VALIDITY.

   Conveyance of 99-year lease by city at sale for delinquent city
   taxes will not be set aside on account of any irregularity, in-
   formality or omission not prejudicial to the property rights of
   the person whose property is taxed, as tax sales and convey-
   ances thereunder are presumed to be legal until the contrary
   is affirmatively shown and statements in such conveyances are
   prima facie evidence of the facts there set forth (1 Comp.
   Laws 1929, § 3492).

9. VENDOR AND PURCHASER—EJECTMENT—BURDEN OF PROOF—VALID-
   ITY OF TAX SALE AND CONVEYANCE.

   In ejectment by subsequent purchaser from record title holder
   plaintiff *held,* to have failed to sustain burden of proof of
   showing invalidity of tax sale by city for delinquent city taxes
   or that defendants have no rights under 99-year lease given by
   city.

10. SAME—UNRECORDED CONVEYANCE TO TAX SALE PURCHASER—POS-
    SESSION—GOOD FAITH.

    Subsequent purchaser from record title holder was not entitled
    to prevail in action of ejectment where defendant or per-
    sons holding under it were in possession under an unrecorded
    99-year lease from city, which had been acquired at sale for
    delinquent city taxes, where it appears plaintiff knew of such
    possession and knew of defendant, but made no effort to get in
    touch with it or make inquiry as to its interest (3 Comp. Laws
    1929, § 13304).

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted January 3, 1945. (Docket No. 28, Calendar
No. 42,813.) Decided February 20, 1945.

Ejectment by Meyer Smelsey against Safety In-
vestment Corporation, David Rott and Harry Rott.

Judgment for defendants. Plaintiff appeals. Affirmed.

*Meyer Weisenfeld*, for plaintiff.

*Schmier, Karbel & Eiges*, for defendants.

BOYLES, J. This is an action in ejectment to recover possession of certain real estate in Detroit. The chain of title on which plaintiff relies begins with record title in one Margaret Graff in 1891. In 1917 Margaret Graff died testate and her will was admitted to probate in Wayne county, by which the property in question was devised to one Josephine Stackpoole, now Josephine Stackpoole Curran. On May 4, 1943, plaintiff acquired, and on May 5th recorded, a quitclaim deed from Josephine Stackpoole Curran covering the property in question, and on May 20th filed the instant proceedings in ejectment against the defendants in possession. The defendants resisted ejectment on the ground that they held title and right of possession under certain tax conveyances. For reasons hereinafter referred to, the circuit judge denied plaintiff the relief sought, and from the judgment entered for defendants the plaintiff appeals.

"It is elementary that to prevail in an ejectment proceeding the plaintiff must rely upon the strength of his own title, not on the weakness of defendant's title. *Ridgley* v. *Roma*, 282 Mich. 682. Clearly in such case a plaintiff could not prevail if defendant had a prior valid title. It follows that the burden of proof of the invalidity of defendant's alleged prior title when established by a *prima facie* case is upon the plaintiff in ejectment. 'Where a party seeks to avoid a tax deed by direct proceedings for that purpose, it is for him to substantiate the charge

of its invalidity.' *Morrison* v. *Semer*, 164 Mich. 208, 214.'' *Briggs* v. *Prevost*, 293 Mich. 677, 679.

The situation disclosed by the record is as follows: Josephine Stackpoole (Curran) was admittedly the owner of the record title in 1917. She had not otherwise conveyed her title before she executed and delivered to plaintiff the quitclaim deed under which plaintiff claims title. The taxes for the years 1926 and 1927 had been allowed to become delinquent. The property in question was sold by the county treasurer in 1929 for the delinquent 1926 taxes, and again sold in 1930 for the delinquent 1927 taxes. One C. E. Merriman became the purchaser at both tax sales. On August 30, 1932, the auditor general of the State, in pursuance of these two tax sales, conveyed the property in question by two auditor general's tax deeds to one C. E. Merriman. There is no proof that defendants ever acquired any title or interest in the property from Merriman or anyone claiming under him, or that these two tax deeds were ever put on record, or that Merriman ever went into possession of the property. Nor is there any proof that the plaintiff, prior to the time he acquired title by quitclaim deed from Josephine Stackpoole Curran, ever had any notice or knowledge of the Merriman tax deeds, or of any facts or circumstances indicating that either Merriman or anyone claiming under him might have any interest in the premises. Under such circumstances, plaintiff was a subsequent purchaser in good faith and the conveyances to Merriman were void as against plaintiff's subsequently acquired title. 3 Comp. Laws 1929, § 13304 (Stat. Ann. § 26.547).

However, the fact that the lower court may have reached the wrong conclusion as to the effect of the Merriman tax deeds will not change the result if the

court reached the right conclusion on other grounds. In 1936 the defendant Safety Investment Corporation acquired a 99-year lease of this property from the city of Detroit by virtue of a tax sale by the city for unpaid delinquent city taxes for 1926. This being a lease for a term exceeding three years, it is a conveyance of an interest in real estate within the express declaration of the statute law of the State. 3 Comp. Laws 1929, § 13309 (Stat. Ann. § 26.552); *Crouse* v. *Michell*, 130 Mich. 347 (97 Am. St. Rep. 479); *Walker & Co.* v. *Davis*, 257 Mich. 316. Plaintiff challenges the validity of this tax sale on several grounds, the one of importance being that there was no publication of the legal description of the property prior to sale. Notice of the tax sale was published as required by the city charter and it is a sufficient answer to this objection that the city charter in effect at that time did not require publication of descriptions. As to other objections, we find that the requirements of the city charter then in effect were adequately followed. The conveyance of the property for a term of 99 years discloses on the face of the instrument that the laws relative to assessment and collection of city taxes were adhered to. The statements in the conveyance are *prima facie* evidence of the facts set forth; tax sales are presumed to be regular, and no tax assessment or tax sale is held invalid on account of any irregularity, informality or omission that does not prejudice the property rights of the person whose property is taxed. Tax sales and conveyances are presumed to be legal until the contrary is affirmatively shown. 1 Comp. Laws 1929, § 3492 (Stat. Ann. § 7.153). Plaintiff has failed to sustain the burden of proof to show invalidity of the tax sale, or that defendants have no rights under the 99-year lease.

Defendant Safety Investment Corporation went into possession of the property in 1936 by virtue of the conveyance from the city. Plaintiff admits having had knowledge of this conveyance, and of the fact that defendants were in possession of the property, before he acquired the quitclaim deed from Josephine Stackpoole Curran. In September, 1937, the Safety Investment Corporation conveyed the property in question to David Rott and Harry Rott, other defendants herein. This conveyance was recorded January 30, 1943, some months before plaintiff acquired his quitclaim deed from Josephine Stackpoole Curran. Accordingly, it was notice to plaintiff that defendants David Rott and Harry Rott were holding under a claim of title. Plaintiff, before acquiring his quitclaim deed, made inquiry from the tenant in active possession of the premises and admits having been informed that the tenant was paying rent to the Safety Investment Corporation. Plaintiff admits knowing where the Safety Investment Corporation was located in Detroit, and that he made no effort to get in touch with it or make inquiry as to its interest, or have anyone else do so in his behalf.

We have heretofore decided the question as to the circumstances under which one may not be a subsequent purchaser in good faith as against a prior unrecorded lease for a term of more than three years. In *Baldwin* v. *Baldwin,* 166 Mich. 157, 160, the court said:

"The statute makes unrecorded leases for more than three years void as against subsequent purchasers in good faith. 3 Comp. Laws [1897], §§ 8988 and 8994.*  This lease was for more than three years

* These are now 3 Comp. Laws 1929, §§ 13304 and 13309 (Stat. Ann. §§ 26.547 and 26.552).

and was not recorded, so it becomes important to inquire whether at the time complainants purchased the lot they were good-faith purchasers. Complainant William H. Baldwin's own testimony seems to determine the question. He testified that at the time he purchased the lot he knew the building stood upon it; he also knew that the building was claimed by the defendant and that the defendant was in possession of it. Under these admissions complainants were not good-faith purchasers. Knowing these facts, they are put upon inquiry, and should have ascertained what the rights of the tenant were. Failing in this, they took title to the property, subject to the rights of the defendant.''

We have considered the other questions raised by plaintiff and find that none controls the result. This case is similar to *Smelsey v. Guarantee Finance Corporation, ante,* 674, recently decided, and the reasons for the conclusion reached therein are applicable to the instant case.

The judgment is affirmed, with costs.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, and REID, JJ., concurred with BOYLES, J. WIEST and SHARPE, JJ., concurred in the result.