## COLEMAN *v.* HOGE.

1. EXECUTION—RECORD TITLE—ACTUAL OR CONSTRUCTIVE NOTICE—
SUBSEQUENT PURCHASERS.

> A levy of execution against lot of which the record title stands
> in the name of the judgment debtor would be valid against
> all prior grantees or mortgagees of whose claims the purchaser
> at execution sale shall not have had actual or constructive
> notice (3 Comp. Laws 1929, § 14618).

2. SAME—RECORD TITLE—CONSTRUCTIVE NOTICE BY POSSESSION.

> Plaintiff judgment creditor who saw city lot upon which de-
> fendant had planted fruit trees, perennial plants and a. vege-
> table garden and made some inquiry about it before proceed-
> ing to levy execution thereupon took such action at his own
> risk notwithstanding record title stood in name of judgment
> debtor, as there was fair evidence of occupancy of the lot
> by defendants whose home was on adjoining lot and who had
> purchased lot some nine months before the sale ·under execu-
> tion but had not recorded deed from judgment debtor (3 Comp.
> Laws 1929, § 14618).

3. VENDOR AND PURCHASER—CONSTRUCTIVE NOTICE BY POSSESSION.

> Constructive notice by possession is equal to constructive notice
> by record.

4. SAME—POSSESSION—EVIDENCE.

> Possession may be shown by any use of the land to which it is
> adapted, and which is calculated to apprise the world that
> the property is occupied.

5. NOTICE—CONSTRUCTIVE NOTICE OF POSSESSION.

> What is constructive notice of possession depends upon the facts
> in each case.

6. COSTS—BRIEFS.

> No costs are awarded defendant appellees upon affirmance of
> decree in their favor where they did not file a brief.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 3, 1945. (Docket No. 16, Calendar No. 43,010.) Decided December 3, 1945.

Bill by Luther Coleman against Paul Hoge and wife to quiet title to real estate. Cross bill by defendants against plaintiff to quiet title to same land. Decree for defendants. Plaintiff appeals. Affirmed.

*Robert D. Anspach* (*A. Lewis Fineberg,* of counsel), for plaintiff.

BUTZEL, J. Luther Coleman, plaintiff, recovered a judgment against Charles Babcock. On August 4, 1942, the sheriff made a levy on lot 86 of the Mary L. Harris subdivision No. 1, et cetera, Wayne County, Michigan. Levy was made also on lot 84 of the same subdivision. At the time, the record title to lot 86 stood in the name of Babcock, the judgment debtor. On October 12, 1942, the property was offered for sale by the sheriff and purchased by Luther Coleman, plaintiff herein. On January 24, 1944, the sheriff issued a deed for lot 86 to plaintiff. It was recorded very shortly thereafter. Lot 86 adjoins the home of Paul Hoge who, with his wife, because of her dower interest, are defendants herein. Charles Deets and wife on November 24, 1941, purchased the lot from Charles Babcock and received a deed of that date. One deed ran to Paul Hoge who was purchasing the land on land contract from Charles Deets and wife. The deed from Babcock to Hoge was held by Deets until September 5, 1943, when Hoge paid up the full balance on the contract and received a deed. He recorded it on October 4, 1943. It thus appears that at the time the levy was made Babcock had no longer any title to the property inasmuch as Deets and wife had purchased the

lot for the full consideration and had received a deed running to Hoge as grantee. Hoge took the lot on or about November 24, 1941, and immediately improved it.

The sole question in the case is whether Hoge's possession of the lot did not constitute actual or constructive notice of the fact that Hoge had purchased the property, whether the nature of the possession was sufficient to give such notice, and whether defendants sustained the burden of showing that plaintiff had actual or constructive notice of defendants' rights.

Plaintiff filed a bill asking that it be determined by decree that he is the sole owner of the property, clear of any claim of defendants. They in turn filed a cross bill so as to clear the title of any claim of plaintiff. The judge held in favor of defendants and cross plaintiffs and set aside the Coleman deed.

The levy would be valid against all prior grantees or mortgagees of whose claims the party interested shall not have had actual or constructive notice. 3 Comp. Laws 1929, § 14618 (Stat. Ann. § 27.1582). Plaintiff was absent at the time of the hearing and so his attorney was forced to testify in his behalf. The latter testified that he knew as much about the controversy as his client did and had accompanied him when inquiry was made as to title and possession. He testified the tract index department of Wayne county showed that Babcock, the judgment debtor, was the owner of the land; that before making the levy plaintiff and the witness went out to the property, noticed the home on the adjoining lot, knocked at the door of the house but no one was at home. Then they went to a small house located in the rear of a lot across the street and a little girl, who was the only one at home, could not give any information. They also made inquiry of another

person further down the street without any results. They did notice that there was a garden on the lot, but concluded it was a victory garden, the same as were on many other vacant lots in the city at the time, but very few in the vicinity of the lot in question. On the other hand, defendant produced ample testimony to show that they had been in possession of the lot almost nine months prior to the levy being made, that it adjoined their home, that they had planted peach and other fruit trees on the property and put in asparagus and strawberry beds as well as a vegetable garden. They also showed that they had paid taxes on the lot, as appears by the tax records.

Plaintiff on appeal both in his brief and oral argument claimed that victory gardens were being planted throughout the city on vacant lots and the fact that there was a garden was not sufficient notice. The permanent nature of the trees, bushes and perennial plants showed that it was more than a victory garden. In fact, plaintiff and his attorney must have thought so when they proceeded to make further inquiry as to the ownership. They feared that if they asked the judgment debtor, he might dispose of the property before a levy was made. Ordinarily they would not have been obliged to consult the tax records but with their uncertainty it would have been helpful. They proceeded at their own risk when there was constructive notice that someone was in possession.

In *Miner* v. *Wilson,* 107 Mich. 57, we held that there was constructive notice when "the premises were used as pasturage by the complainant, and their situation gave fair evidence of occupancy." In that case, the premises were partly fenced in by a fence, a lake and a ditch. In *American Cedar & Lumber Co.* v. *Gustin,* 236 Mich. 351, 359, we held:

" 'Constructive notice by possession is equal to constructive notice by record.' *Fraser* v. *Fleming,* 190 Mich. 238, 244.

"Notice in such cases is a legal deduction from the fact of possession. *Delosh* v. *Delosh,* 171 Mich. 175. The possession of wild, uncultivated land may not be evidenced in the same way as improved land. There must be such a use or occupancy as would indicate to a reasonably prudent person visiting the land that the occupant or possessor claimed rights therein.

" 'Possession may be shown by any use of the land to which it is adapted, and which is calculated to apprise the world that the property is occupied. *Tate* v. *Pensacola, Gulf, Land & Development Co.,* 37 Fla. 439 (20 South. 542, 53 Am. St. Rep. 251).' 39 Cyc. p. 1750, note.''

Also, see *Corey* v. *Smalley,* 106 Mich. 257 (58 Am. St. Rep. 474); *Spring* v. *Raymond,* 134 Mich. 84; *Winkworth Fuel & Supply Co.* v. *Bloomsbury Corp.,* 266 Mich. 298. What is constructive notice of possession depends upon the facts in each case.

We believe in the present one the judge was correct and decree in favor of defendants and cross plaintiffs is affirmed, but without costs, defendants not having filed a brief.

STARR, C. J., and NORTH, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.