KASTLE *v.* CLEMONS.

1. Notice—Possession.

Open, manifest and unequivocal possession of premises constitutes constructive notice of the rights of one in such possession as effectively as compliance with the recording law.

2. Same—Facts Leading to Further Inquiry.

A person who has knowledge of such facts as would lead any honest man, using ordinary caution, to make further inquiries concerning the possible rights of another in real estate but who fails to make such inquiry is chargeable with notice of what such inquiries and the exercise of ordinary caution would have disclosed.

---

References for Points in Headnotes

[1] 39 Am Jur, Notice, § 18.
[2, 4] 39 Am Jur, Notice, § 12.
[3] 5 Am Jur, Attorneys at Law, § 74.
[3] Imputation of attorney's knowledge of facts to his client. 4 ALR 1592; 38 ALR 820.

3. SAME—ATTORNEY AND CLIENT.
> Notice to an attorney relevant to a given matter is notice to the client employing him in relation to such matter.

4. SAME—EVIDENCE—PURCHASE OF PREMISES—NOTICE OF INTEREST UNDER UNRECORDED LEASE.
> Defendant landlord is chargeable with notice that plaintiff had an unrecorded lease of premises used for bowling alley pur- poses where, at time defendant was negotiating for the pur- chase of the vendees' interest in the premises, one of the vendees disclosed that they had a lease with plaintiff and that by reason thereof they were willing to pay amount agreed upon to defendant in leasing back premises they were then occupying as vendees, although defendant failed to make fur- ther inquiry.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted January 3, 1951. (Docket No. 33, Calen- dar No. 44,966.) Decided March 1, 1951.

Bill by Cass Kastle against Eddie Clemons to es- tablish the validity of a lease. Cross bill by defend- ant against plaintiff to require payment of additional rental and to have lease declared cloud on title and for removal of cloud. Decree for plaintiff. Defend- ant appeals. Affirmed.

*Floyd M. Graham,* for plaintiff.

*Walter F. Drollinger,* for defendant.

DETHMERS, J. Defendant purchased real estate from parties holding the title and vendors' interest in a land contract and also acquired the vendees' in- terest. A building was located on the premises, which contained a barroom operated by said vendees and a bowling alley operated by plaintiff. Previous to defendant's acquisition the vendees had leased the bowling alley, for a term of 10 years, to plain- tiff who did not cause his lease to be recorded. Be- fore purchasing, defendant inspected the premises

in company with vendees' agents. The bowling alleys were not then being played and neither plaintiff, his employees, nor any other persons were present when defendant and those with him entered. There were licenses on the wall issued to plaintiff as operator of the bowling alley, but defendant did not notice them. Later defendant's attorney discovered that the bowling alley equipment was assessed for personal property taxes to a club, the tax rolls naming a stranger to title as proprietor, whereupon he checked the assumed name and partnership records in the county clerk's office, which disclosed said club to be a copartnership composed of said vendees. At the time the negotiations for assignment of the vendees' interest from them to defendant were being concluded between vendees and defendant's attorney, in the latter's office, and before payment had passed from the attorney to vendees, discussion was had between them concerning a lease, then agreed upon between them, whereby defendant leased the entire premises back to vendees at a rental of $400 per month for a term of 10 years. Both vendees testified that at that time they discussed the fact that they were then receiving a rental of $250 per month, on the strength of which they would be able to pay defendant $400 per month for the entire premises. One of them testified that he discussed plaintiff's lease at that time with defendant's attorney, told him that it yielded a monthly rental of $250 and stated to him that the existence of that lease was the reason for their desiring the 10-year lease back from defendant.

Vendees defaulted in payment of rent due, under their lease, to defendant whereupon he undertook to repossess and changed the locks on the doors of the building. Plaintiff then exhibited his lease from vendees and demanded that defendant permit him to enter. Upon defendant's refusal, plaintiff brought this

suit to have his lease declared valid and binding on
defendant and to enjoin defendant from interfering
with plaintiff's use and possession of the bowling
alley during the term of his lease. From decree for
plaintiff, defendant appeals.

The question is whether defendant, prior to his
purchase, had such actual or constructive notice of
plaintiff's rights in the premises as to be bound
thereby.

Open, manifest and unequivocal possession of
premises constitutes constructive notice of the rights
of one in such possession as effectively as compliance
with the recording law. For cases in which posses-
sion has been held to constitute such notice, see
*Fraser* v. *Fleming,* 190 Mich 238; *American Cedar
& Lumber Co.* v. *Gustin,* 236 Mich 351; *Corey* v. *Smal-
ley,* 106 Mich 257 (58 Am St Rep 474); *Miner* v.
*Wilson,* 107 Mich 57; *Smelsey* v. *Guarantee Finance
Corp.,* 310 Mich 674; *Stamp* v. *Steele,* 209 Mich 205;
*Coleman* v. *Hoge,* 313 Mich 181.

When a person has knowledge of such facts as
would lead any honest man, using ordinary caution,
to make further inquiries concerning the possible
rights of another in real estate, and fails to make
them, he is chargeable with notice of what such in-
quiries and the exercise of ordinary caution would
have disclosed. *Converse* v. *Blumrich,* 14 Mich 109
(90 Am Dec 230). In *Wilcox* v. *Hill,* 11 Mich 256,
263, this Court said:

"It is *notice,* not *knowledge,* which is required; and
it can only be required to be such as men usually
act upon in the ordinary affairs of life: * * * And
whatever is sufficient to direct the attention of a
purchaser to the prior rights or equities of third
persons, and to enable him to ascertain their nature
by inquiry, should be held sufficient."

Notice to an attorney relevant to a given matter is notice to the client employing him in relation to such matter. *Katz* v. *Kowalsky,* 296 Mich 164 (134 ALR 179).

Regardless of whether plaintiff's possession was so open, manifest and unequivocal as to amount to constructive notice of his rights or whether the presence of licenses in plaintiff's name on the walls of the bowling alley and the disclosures of the personal property tax rolls should have put defendant on inquiry as to plaintiff's rights, we cannot escape the conclusion that the above related statements by the vendees to defendant's attorney, prior to defendant's acquisition of the vendees' interest, should have served to place the attorney, and, hence, defendant, on notice as to the rights of possession in another. The information and knowledge imparted by those statements called for further inquiries on defendant's part which he failed to make. He is chargeable with notice of what such inquiries and the exercise of ordinary caution would have disclosed.

Decree affirmed, with costs to plaintiff.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.