**In re PERRIN'S MARINE SALES, INC., Debtor.**

**In re PERRIN LAND DEVELOPMENT, Debtor.**

James D. ROBBINS, Trustee, Plaintiff,

v.

John M. LENZ and Margaret M. Lenz, his wife, Defendants.

Bankruptcy Nos. NG 83–01426, NG 83–01427.

Adv. No. 85–0271.

United States Bankruptcy Court, W.D. Michigan.

Nov. 22, 1985.

Varnum, Riddering, Schmidt & Howlett, James D. Gregg and Robert A. Hendricks, Grand Rapids, Mich., for plaintiff.

Howard & Howard Attys., P.C., Robert D. Mollhagen and Robert B. Johnston, Kalamazoo, Mich., for defendants.

## OPINION

### BONA FIDE PURCHASER—NOTICE—AVOIDING POWERS

DAVID E. NIMS, Jr., Bankruptcy Judge.

Perrin's Marine Sales, Inc., and Perrin Land Development, both corporations (Perrin), filed voluntary petitions under Chapter 11 of Title 11 of United States Code on May 31, 1983. The cases were later converted to Chapter 7 and James D. Robbins was appointed trustee in both cases. The cases were consolidated for administrative purposes.

Robbins filed a complaint in this adversary proceeding to avoid the transfer of a condominium unit known as "F–70" in the Perrin's Marina Condominium. The defendants have filed a motion for a summary judgment. The plaintiff has filed a cross-motion for a summary judgment.

The facts as established by the pleadings, affidavit, and briefs present no material issue of fact and this is an appropriate proceeding for disposition by summary judgment. See *In re Morweld Steel Products Corporation*, 8 B.R. 946 (Bankr.W.D. Mich.1981).

On May 12, 1983, Perrin sold the condominium unit F–70 to John M. Lenz and Margaret M. Lenz and executed and delivered a warranty deed on that date. Unit F–70 is a dock for a boat. This deed was not recorded with the appropriate register of deed's office until June 3, 1983, after the filing of Perrin's petition with this court. As stated in defendant's brief, "Based on an affidavit submitted by defendant John M. Lenz, it would appear that the defendants were in open possession of the condominium unit F–70 from and after May 12, 1983. * * * The Trustee has no reason to suspect that the defendants were not in such open possession."

The trustee relies on the avoiding powers under the so called "strong arm" provisions of 11 U.S.C. § 544. He especially claims that he has the right to avoid this transfer under 11 U.S.C. § 544(a)(3) which provides:

"(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

" * * *

"(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists."

Application of § 544(a)(3) to the facts in this case will require the resolution of two distinct issues. The issues are whether, under Michigan law, an interest in real property can be perfected through possession, and if so, whether § 544(a)(3) can be used by the trustee to defeat an interest so perfected.

It is well settled under Michigan law that an interest in real property can be perfected (made indefeasible by a bona fide purchaser for value) by possession. *Fitzhugh v. Barnard,* 12 Mich. 104 (1863). Fitz-

baugh was commenced by a bill to quiet title. Plaintiff's grantors had foreclosed on a mortgage but the deed from the master in chancery was filed in the wrong county. Defendant received a quit claim deed through conveyances starting with a quit claim deed from the mortgagor twenty-one years after the foreclosure deed. The court held that possession by the plaintiff put the defendant on notice of plaintiff's interest. Decree quieting title was affirmed.

In *Delosh v. Delosh,* 171 Mich. 175, 137 N.W. 81 (1912), a son brought an action against his father and his father's guarantee for specific performance. The son, who lived with his father, claimed the father verbally agreed to sell or give him the property. The court sustained the lower courts finding that the son had not established the contract by "a clear and satisfactory preponderance of the evidence." By way of *obiter dictum,* the court stated at p. 177, 137 N.W. 81:

"It is undisputed that complainant was residing there all the time, with his family, in possession, occupying it as a home. This was constructive notice to every one of all his rights in the property, whatever they might be."

In *Stamp v. Steel,* 209 Mich. 205, 176 N.W. 464 (1920) the owner of real property gave it to her brother by a signed statement which stated, "gave to my brother, S.L. Stamp, property * * *" The brother and his family went into possession. The property was sold by the executor of the sister's estate. The trial court held for the grantee of the executor. In reversing, the court stated:

"The defendants are not *bona fide* purchasers. The plaintiff was in actual possession and occupancy of the premises, and had been, according to the testimony of defendant Heethuiss (the only defendant sworn), for about two months before they bought the property."

The court in *Kastle v. Clemons,* 330 Mich. 28, 46 N.W.2d 450 (1951), following *American Cedar & Lumber Co. v. Gustin,* 236 Mich. 351, 210 N.W. 300 (1926), stated:

"Open, manifest and unequivocal possession of premises constitutes constructive notice of the rights of one in such possession as effectively as compliance with the recording law."

See also *Deputy Commissioner of Agriculture v. O. & A. Electric Co-operative, Inc.,* 332 Mich. 713, 52 N.W.2d 565 (1952); *Taskey v. Paquette,* 324 Mich. 143, 36 N.W.2d 876 (1949); *Coleman v. Hoge,* 313 Mich. 181, 20 N.W.2d 857 (1945); *Smelsey v. Safety Investment Corp.,* 310 Mich. 686, 17 N.W.2d 868 (1945); *Smelsey v. Guarantee Finance Corp.,* 310 Mich. 674, 17 N.W.2d 863 (1945); *Winkworth Fuel & Supply Co. v. Bloomsbury Corp.,* 266 Mich. 298, 253 N.W. 304 (1934); *American Cedar & Lumber Co. v. Gustin,* 236 Mich. 351, 210 N.W. 300 (1926).

It is the claim of the trustee that even if as a matter of fact there was constructive notice and perfection by open possession, he is by operation of law a bona fide purchaser under 11 U.S.C. § 544(a)(3) and as such he is a purchaser without notice. This is a problem that has faced other courts.

It is true that the usual definition of a bona fide purchaser is a purchaser without actual or constructive notice.

"Generally speaking, the essential elements of a "bona fide purchase' of land are the payment of a valuable consideration, good faith, and absence of any purpose to take unfair advantage of third persons, and absence of notice, actual or constructive, of the outstanding rights of others." 23 Mich.Law & Practice (West, 1958) 160.

Only three decisions which have come to the attention of this court seem to agree with the trustee. In *In re Groff,* 624 F.2d 133 (10th Cir.1980) an alleged mechanic lien claimant was attempting to reclaim property in a bankruptcy proceeding although the lien did not comply with state requirements. The bankruptcy court and district court held for the trustee. In affirming, the court stated at p. 136:

" * * * a trustee in bankruptcy has, by definition, all of the rights of a creditor

without notice. See *In re McClain*, 447 F.2d 241, 243 (10th Cir.1971), *cert. denied*, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972); 11 U.S.C. § 110(c) (superseded by 11 U.S.C.A. § 544(a) (1979))."

In *In re Hotel Associates, Inc.*, 10 B.R. 668 (Bankr.E.D.Pa.1981) the plaintiff entered into an agreement to purchase an apartment in a hotel. The plaintiff was residing there at the time the bankruptcy petition was filed. The court stated at p. 670:

"Congress, however, has seen fit to include in § 544 of the Code, the language 'without regard to any knowledge of the trustee or of any creditor.' As stated, the failure to record the agreement of sale is 'adjudged fraudulent and void as to any subsequent bona fide purchaser ...' 21 P.S. § 351. It appears that Congress has removed the lack of knowledge requirement as it affects the trustee. The trustee, under the Code, takes as an ideal hypothetical bona fide purchaser regardless of whether he has knowledge of a prior transaction."

In *In re Easterly*, 18 B.R. 749 (Bankr.D. Tenn.1982) the defendants purchased real property from the debtors but failed to record their deed until after debtors filed their petition. After paying $67,000.00 on receiving their deed, the defendants moved into the residence and lived there until the adversary proceedings were brought by the trustee. The defendants claimed *inter alia* that they occupied the premises "open and notoriously" and were in possession when the petition was filed. However, the court found that, under a Tennessee statute, the possession of the defendants could not be considered and held for the trustee. The proceedings was appealed and was reversed by the district judge in *Lancaster v. Key*, 24 B.R. 897 (E.D.Tenn.1982). The reversal was on the basis that there was a resulting trust in favor of the defendants. There was some indication in a later opinion by the bankruptcy judge that an appeal was filed on *Lancaster v. Key, supra*, but the court is unable to find any recorded opinion by the Court of Appeals.

Opposed to the above cases is *McCannon v. Marston*, 679 F.2d 13 (3d Cir.1982) and several cases decided since that opinion. In *McCannon v. Marston, supra*, the plaintiff entered into an agreement to buy a condominium from the debtor. In April, 1975, she commenced to live in the condominium but never recorded the agreement. The debtor filed under Chapter 11 in November, 1979. The plaintiff filed for relief from stay in February, 1981. The bankruptcy court and the district court held for the trustee. The Court of Appeals reversed. The decision of the court was reached by a thorough consideration of the language of § 544(a)(3), the historical background of the 1978 Code and the interaction of § 544 and State law. The decision seems to answer the claim of the trustee in the instant case when on p. 16 in a foot note it is stated:

"2. The reasoning of the bankruptcy court and district courts would apparently allow a trustee to avoid even the interests of those who had given proper record notice."

The court in *McCannon, supra*, makes it clear that an overly broad interpretation of the "without regard to any knowledge of trustee" language in § 544(a)(3) would render even recorded notice insufficient to defeat the claim of the trustee. Congress surely did not intend that result. A much better rule would simply be that the trustee can not defeat an interest which is perfected at the time of the filing of debtor's petition for relief, and that is the rule the court adopts today. Accord: *In re Gurs*, Bankr.L.Rep. (C.C.H.) ¶ 69223 (Bankr. 9 Cir.1983); *In re Morse*, 30 B.R. 52 (B.A.P. 1st Cir.1983); *In re Investment Sales Diversified, Inc.*, 13 Collier Bankr. Cases 137 (Bankr.D.Minn.1985); *In re Taylor*, 43 B.R. 524 (Bankr.N.D.Ala. 1984); *In re Dlott*, 43 B.R. 789 (Bankr.D. Mass.1983); *In re Investment Sales Diversified, Inc.*, 38 B.R. 446 (Bankr.D.Minn. 1984); *In re Euro-Swiss International Corp.*, 33 B.R. 872 (Bankr.S.D.N.Y.1983);

*In re Fitzpatrick,* 29 B.R. 701 (Bankr.W.D. Wis.1983); *In re Steele,* 27 B.R. 474 (Bankr.W.D.Wis.1983); *In re Lewis,* 19 B.R. 548 (Bankr.D.Idaho 1982).

The Court would find for the defendants in this case for the following specific reasons:

 1. The weight of authority favors the defendants. While not bound by any of the cited decisions, the court must give some consideration to the weight of authority because one purpose of a federal bankruptcy law is to assure uniformity. U.S. Const. Art. I § 8.

2. The trend of the holdings are towards a recognition of constructive notice and notice by open possession.

3. As pointed out in *McCannon v. Marston, supra,* to hold that a trustee is a bona fide purchaser to the extent that he is presumed to have no constructive notice by open possession, it must also be found that there will be no constructive notice by recording. Even if the Lenz' had recorded their deed, under the strict language of 544(a)(3), the trustee would, being a hypothetical bona fide purchaser, still prevail since a bona fide purchaser could not exist if there was a proper recording. This is almost a case of *reductio ad absurdum.*

4. To ignore constructive notice by open possession would cause an injustice to many persons having an interest in property. As indicated in the above cases, citizens in several states have for years relied upon possession as notice of their rights where purchasing by land contracts, sales contracts, trust deeds, leases, etc. This is especially true in Michigan where there has been a practice of not recording land contracts. Even in *Lancaster v. Key, supra,* the Tennessee district judge was so shocked by the inequity of *In re Easterly, supra,* even though the bankruptcy judge was following Tennessee law, that he was compelled to rely on the device of a resulting trust.

Congress could not have intended to eliminate constructive notice as a means of perfection of rights in real estate, whether by compliance with recording statutes or open possession.

The Court therefore finds that there was perfection of the defendants title in this case by constructive notice.

Based on the Findings of Fact and Conclusions of Law set forth above, the Court recommends:

1. That Plaintiff's motion to dismiss be denied.

2. That Defendants' motion to dismiss be granted.

3. That dismissal be with prejudice, without costs.